BENJAMIN MEGIN, APPELLANT, v. JAMES FILOR AND OTHERS, APPELLEES.

An appeal or writ of error from a decree *pro confesso*, or a judgment by default, will not be entertained, unless there has been a judgment on demurrer, or otherwise, prior to the default, and even then the defendant will not be heard upon the matters occurring subsequent to the default. But when questions affecting his interests are brought up to the Appellate Court by the other party for adjudication, he must be cited.

The statute of this State requires notice of appeals and writs of error, in the case of non residents, to be served in one of two modes—either upon the agent or attorney of the party defendant, or by publication in some newspaper having the most general circulation, for the space of thirty days ; and this must be done, as well where there is a decree *pro confesso*, or a judgment by default against the defendant in appeal or writ of error.

Benjamin Megin filed his bill in the Circuit Court of the Southern Circuit for the county of Monroe, against Thomas Taylor, Philip Sawyer and James Filor, alleging that he was a creditor of Taylor, one of the defendants ; that Taylor in 1843 purchased certain town lots in the city of Key West from Sawyer, and that the latter conveyed said lots to Filor, in trust for the infant daughter of Taylor ; that this transaction was in fraud of creditors, one of whom was the complainant, and that the arrangement was made and contrived for the purpose and with the view of securing the lots so purchased from judgments and executions at law.

The bill states that the infant daughter of Taylor died in the spring or winter of 1847 without issue, and that her father had left the city of Key West some three years before the filing of the bill, and had been since residing in England ; that he left no property in Key West other than the aforesaid lots, to which complainant could have recourse for satisfaction by execution, of his claims or demands against Taylor.

The bill prays that the lots purchased from Sawyer may be decreed to be the property of Taylor, and subject to the payment of his debts, and that for this purpose, they be sold, and that complainant be paid out of the proceeds the amount of his demand, &c.

The bill was filed 11th of January, 1848. Both Taylor and Sawyer were *non* residents, but notice was properly given to them by publication. Filor answered the bill; and denied the fraudulent intent charged therein in reference to the execution of the deed of trust to himself, for the benefit of the infant daughter of Taylor. The answer states

that, at the time of the execution of said deed, Taylor's means were ample, and his debts, if any, small, and within his ability to pay ; that Taylor abandoned his wife and left Key West in 1844, and has not since been heard from ; that defendant executed and discharged his office of trustee faithfully up to the time of the death of Betty Taylor, who is stated to be the only child of the said Thomas Taylor, and for whom the aforesaid provision was made ; that after her death, defendant purchased all the right, title and interest of her mother. It was also insisted in the answer, that one of the notes which complainant claimed to hold against Taylor, was barred by the statute of limitations ; that another was dated subsequent to the date of the conveyance by Sawyer to defendant, as trustee ; that the third bore no date, and that the whole together did not constitute a ground for the proceeding of complainant, or authorize a sale of the lots to pay his alleged claims.

A decree *pro confesso* was taken against Taylor and Sawyer, and the cause coming on to be heard as to Filor upon the bill, answer and proofs taken, and it appearing to the Court that there was no equity in complainant's bill, it was ordered, adjudged and decreed, that the bill be dismissed. From this decree, an appeal was taken by the administrator of Megin, who died soon after the decree was pronounced ; and citation was served according to law upon Filor, but not upon the other defendants by either of the modes prescribed in such cases.

The solicitors on both sides argued the case upon its merits ; but the only question considered by the Court was, whether the cause was in such a condition as to entitle it to be heard at this time.

*Woodward* for Appellant, and *Papy* for Filor, Appellee.

ANDERSON, *Chief Justice*, delivered the opinion of the Court.

This case is not in a condition to be heard by this Court.

The complainant, Megin, filed a bill of complaint in the Circuit Court for Monroe County, against Taylor, Sawyer and Filor, in which he sought to have certain property which Taylor had bought from Sawyer subjected to the payment of a debt, which the complainant alleged was due to him by Taylor. The obstacle which he prayed to have removed was a deed for the property in question, which Sawyer, at the instance of Taylor, had executed to Filor in trust for Taylor's infant daughter, the consideration money having been paid by Taylor. Filor answered the bill, but Taylor and Sawyer, being non residents of the State, did not appear, though publication of notice was duly made according to law, as to them.

On the 11th of May, 1849, a decree *pro confesso* was rendered against Taylor and Sawyer, but at no subsequent time was this decree made absolute.

On the 18th day of May, and during the same term of the Court at which the decree *pro confesso* was taken, the complainant and Filor were heard by their counsel upon the bill, answer and testimony, and it appearing to the Court that the complainant had no equity in his bill, " it was " ordered, adjudged and decreed that the said bill be dis- " missed upon its merits."

In the following December an appeal was taken to this Court by the complainant, and citation issued and was duly served upon the defendant, Filor, but not upon the other defendants, Taylor and Sawyer, either personally or by publication.

It is true that this Court would refuse to entertain a writ of error or an appeal from a judgment or decree entered by default or *pro confesso* in the Court below against a defendant, unless there had been some antecedent judgment on demurrer or otherwise, and even then, he would not be heard on the subsequent matter. He would be required to purge himself of the contempt there, before he could be heard here upon such judgment or decree. But the converse of

the rule does not hold good, that when questions affecting his interests are brought by the other party to this Court for adjudication, he shall not be cited.

In the first case the appellate court refuse to hear him from respect to the court below, to whose order he has refused obedience ; but in the other case they are called upon to reverse a decree of the inferior court in his favor, and it is no want of respect to that Court for us to give the party the benefit of the general law requiring citation.

In the first case, also, we refuse to allow him to seek here to evade the judgment of the court to which he is in contempt ; but in the other it might be that the judgment of this Court would deprive him of rights which he now holds under the judgment of that court.

A decree *pro confesso* determines nothing except as to the facts alleged in the bill. These are to be taken as true, and if they entitle the complainant to relief upon his own statement, it will be granted in the subsequent proceedings which result in the final decree. But a chancellor cannot be expected to grant relief when the complainant's own uncontradicted showing demonstrates a want of equity in his prayer. It may or it may not be error in such circumstances to dismiss the bill absolutely, without a decree for costs ; but in the case before us it has been done, and as long as it stands unreversed, the defendants, though not yet purged of their contempt, are entitled to its benefits and protection as a final decree of a court of competent jurisdiction upon the subject-matter in controversy.

For this Court to interfere with this right without requiring the party to be cited to defend it, is a very different thing from turning a deaf ear to his own complaints for relief.

The defendants, Taylor and Sawyer, are *non* residents, and the statute of February 17th, 1833, provides that in all cases wherein any final judgment, order or decree may be pronounced or rendered in any of the Courts of this State, from which an appeal or writ of error lies to any

other Court of this State, if the party defendant in appeal or error be a *non* resident, notice of such appeal or writ of error shall be served upon the agent or attorney of said party defendant, or notice of said appeal or writ of error may be given by publishing the same in such newspaper in this State as may have the most general circulation, for thirty days; and the Court to which said appeal or writ of error is had, upon satisfactory proof that such notice has been given, shall proceed to hear and determine said cause, as if personal service had taken place.

Here the requisition for a constructive notice of the appeal is imperative, and it is not in conflict with any of the considerations which would prompt an appellate court to decline hearing an appellant while in contempt.

If in this instance Taylor and Sawyer are " parties defendant in appeal," there is no escaping the requirements of the statute that has been quoted ; and that they are properly and truly parties defendant in appeal, results from the fact that the appellant is seeking the reversal of a decree in their favor.

The appellant himself recognizes them as appellees, by executing his appeal bond in their favor, as well as in favor of Filor.

The Court being of opinion that the appeal cannot be heard as to Taylor and Sawyer, for want of notice to them, will not entertain it as to Filor, until the others are brought in ; for the relation in which the parties defendant stand to each other, would make it impossible to render any effective decree against the appellee now in Court, without invading the rights and interests of at least one of the parties who is not here.

The Court will grant an order for the continuance of this case until its next regular session at Tallahassee, at which time it will be heard and considered, if it shall be made to appear to the Court that due notice of the appeal has been given to Taylor and Sawyer, as provided by law, in the case of *non* resident defendants.