82 U.S. 8
 15 L.Ed. 118
 15 Wall. 8
 RAILROAD
v.
JOHNSON.
 December Term, 1872
 
 1
 ON motion to dismiss a writ of error to the Supreme Court of Errors of the State of Connecticut.
 
 
 2
 Johnson held bonds of the Norwich and Worcester Railroad Company, secured by mortgage on the road and by the transfer of certain stock to Huntington and Nichols, as trustees. The bonds were not paid at maturity, and Johnson filed a petition in equity in the Superior Court of New London County, Connecticut, praying that the mortgage be foreclosed, and sale ordered of the stock. In that suit Huntington and Nichols were summoned, and a decree was given against them as trustees, as well as against the railroad company as mortgagors. From that decree the company alone appealed to the Supreme Court of the State. The decree below having been affirmed in that court, the railroad company alone brought the case here by writ of error.
 
 
 3
 Johnson now moved to dismiss the writ on the ground that Huntington and Nichols were not joined with the railroad company as plaintiffs.
 
 
 4
 
 Mr. George Pratt, in support of the motion:
 
 
 
 5
 A writ of error must be brought in the names of all the parties against whom the judgment to be reviewed is given.* This is a substantial defect in the appeal, and can be taken advantage of at any time before judgment.
 
 
 6
 Mr. J. Halsey, contra.
 
 The CHIEF JUSTICE:
 
 7
 Huntington and Nichols had no interest in the controversy, and did not appeal to the Supreme Court. The only party to the decree of that court was the railroad company, and it is the decree of that court which the writ of error seeks to review. It was, therefore, properly brought in the name of the railroad company alone. The motion to dismiss must be
 
 
 8
 DENIED.
 
 
 
 *
 Owings v. Kincamson, 7 Peters, 399; Deneall v. Stump, 8 Id. 526; Wilson v. Life and Fire Insurance Co. of N. Y., 12 Id. 140; Williams v. Bank of United States, 11 Wheaton, 414.