MAY HAZEN *et al., Appellants*, v. C. W. STEVENS, RECEIVER, *Appellee.*

1. Where it does not appear from the record on appeal that parties omitted from the appellate proceedings are directly and substantially affected by the decree or order appealed from, the court will not of its own motion dismiss the appeal for want of proper or of necessary parties.

2. In determining the amount of compensation to be allowed a receiver for his services as such, the court should consider the amount and character of the time and responsibility devoted to the duty. This includes the kind and extent of time and labor necessarily bestowed by the receiver upon the trust, the responsibility assumed, the character and extent of the property committed to his care, the beneficial results of the management and other matters that are incident to the trust and its efficient execution.

3. Perhaps no fixed set of rules for determining what is a just compensation for receivers can be formulated to meet varying conditions, therefore each case should be determined upon the merits as it arises.

4. The court appointing the receiver is primarily charged with the duty of fixing the compensation allowed, and the determination is entitled to its proper weight with an appellate court; but in reviewing the action of the chancellor, the appellate court should apply the principles of law and equity it deems controlling in the matter. If the compensation allowed appears from the whole record to be excessive, the order making the allowance should be reversed or modified as justice to all parties seems to require.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter* and *H. S. Phillips*, for Appellants;

*C. C. Whitaker*, for Appellee.

WHITFIELD, C. J.—This appeal is from an order fixing the compensation to be allowed the receiver appointed by the circuit court for Hillsborough county to take charge of and manage an orange grove property.

It is suggested in the brief for appellee that the appeal was not taken in the names of all the parties who are affected by the order appealed from. No motion was made under the rules to dismiss the appeal because of the absence of necessary or of proper parties.

Where it clearly appears by the transcript of the record

on appeal that all the parties to the suit who are directly and substantially affected by a decree or order appealed from are not made parties to the appeal, the court will decline to consider the merits of the cause, and will dismiss the appeal. Nichols & Johnson v. Frank, 59 Fla., 588, 52 South. Rep., 146. But if it does not appear by the record that all parties directly and substantially affected by the decree or order appealed from are not made parties to the appeal, and from the record it may be fairly inferred that the omitted parties are not so affected by the decree, the court will not of its own motion dismiss the appeal for want of proper or of necessary parties. It appears that the litigation involves in some way not shown by the record the construction of a will, and that the complainant and all the defendants joined in asking the trial court to make an order fixing the receiver's compensation. The complainant and only a portion of the defendants are appellants from such order, but it may be that the omitted defendants are specific legatees or are so otherwise interested in the will and the property that they are not directly and substantially affected by the order fixing the receiver's compensation. This being so, it does not clearly appear that proper appellants are omitted, and the court will not *sua sponte* dismiss the appeal.

The receiver's compensation was fixed at $1500.00 for the first year and $1000.00 for each subsequent year of the receivership. The exact extent and value of the orange grove property does not clearly appear. For the period from January 25, 1908, when the receivership began, to July, 1908, the receipts were apparently a little more than $3500.00 and the expenditures were about $2600.00. From July, 1908, to May, 1909, the receipts were about $5600.00, and the expenditures about $2300.00.

It appears that the receiver gave a bond in $1000.00 for the faithful discharge of his duties as such; that he se-

cured a reduction in the taxes from $570.00 to $285.00; that he employed a competent orange growing expert and paid him $100.00 per month from the receipts to attend to the property; that he visited it often several times a week going there generally at 6:30 P. M. and leaving at 6:30 A. M.; that he purchased supplies and sold the crops; that the property was improved by expenditures upon it; and that he performed the duties incident to the trust. There is evidence that the management of the receiver was not advantageous to the property and that his sales and expenditures did not result beneficially to the property. These matters however may or may not be mere opinions and differences in matters of judgment and management.

There being no statute on the subject, the fixing of compensation for receivers in equity proceedings is for the court to determine within recognized principles of equity that complete justice may be done.

In determining the amount of compensation to be allowed a receiver for his services as such, the court should consider the amount and character of the time and responsibility devoted to the duty. This includes the kind and extent of time and labor rightly bestowed by the receiver upon the trust, the responsibility assumed, the character and extent of the property committed to his care, the beneficial results of the management and other matters that are incident to the trust and its efficient execution.

Perhaps no fixed set of rules for determining what is a just compensation for receivers can be formulated to meet varying conditions, therefore each case should be determined upon the merits as it arises.

The court appointing the receiver is primarily charged with the duty of fixing the compensation allowed, and the determination is entitled to its proper weight with an appellate court; but in reviewing the action of the chan-

cellor, the appellate court should apply the principles of law and equity it deems controlling in the matter. If the compensation allowed appears from the whole record to be excessive, the order making the allowance should be reversed or modified as justice to all parties seems to require.

In this case the chancellor found and decreed that the receiver's management of the property had proved beneficial to it, and that the value of the property had enhanced about fifty percent.

Whatever natural conditions contributed to this increase in the value of the property does not affirmatively appear, but it is fair to assume that they did under the circumstances disclosed in the record.

Giving the receiver full credit for securing a reduction of the taxes, for improving the conditions of the property, for much time devoted to a faithful discharge of his trust and for the responsibilities he assumed, it still appears that considering the character of the property, the receipts therefrom, the time required for the duties as receiver, the responsibilities assumed and the results of the management, with other circumstances incident to the trust, the compensation allowed is more than is warranted by principles of equity and justice as applied to the facts in evidence.

The order appealed from will be modified so as to allow the receiver as compensation the sum of six hundred dollars per annum. It is so ordered.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.