A. J. RABINOWITZ, *Appellant,* v. C. W. HOUK, *Appellee.*

Division A.

Opinion filed June 20, 1930.

*W. B. Shelby Crichlow* and *William Allen Whitfield,* for Appellant;

*Wm. G. King* and *Merle E. Rudy,* for appellee.

BROWN, J.—The suggestion has been made that this Court should of its own motion dismiss this appeal for failure to bring in as joint parties appellant certain co-defendants of the appealing defendant against whom decrees *pro confesso* had been entered in the court below upon the theory that the omitted parties are necessary parties to this appeal. I cannot accede to this suggestion.

Neither party has moved this Court to dismiss the appeal. The transcript was filed in this Court over a year

ago, and has been exhaustively briefed by counsel on both sides.

C. W. Houk was the complainant in the court below. His bill, as originally filed, was against A. J. Rabinowitz alone. It was a bill to quiet title. Complainant claimed title to described lands through a chain of several deeds running back to one Jacob Edwards, whose title is alleged to be the common source of title, and also through a tax deed issued to one Robert J. Edwards. It was alleged that at the time complainant acquired title by purchase and deed from his immediate grantor there were no deeds on record showing any title in defendant Rabinowitz, but that the latter claimed title through three deeds subsequently filed for record, to wit: a warranty deed from Jacob Edwards to Charles E. Sumner, executed in 1892; a ''fee simple deed'' from said Sumner to Samuel C. Rudine, dated in 1906, and a ''fee simple deed'' from Samuel C. Rudine to the defendant Rabinowitz, dated August 28, 1925, all three deeds being filed for record on the date of the last deed. The bill was subsequently amended so as to make defendant's predecessors in the title as claimed also parties defendant; that is, said Edwards, Sumner and Rudine, if living, and if dead, all parties claiming interest under them in and to the property described. The prayer was that title be quieted in the complainant and that the three described deeds be cancelled of record as clouds upon complainant's title. Service by publication was sought as to all defendants. Decrees *pro confesso* were entered as against them all, for failure to appear, plead or demur. The decree *pro confesso* as to defendant Rabinowitz was set aside, and he was permitted to file his demurrer to the amended bill, attacking the sufficiency of the same in several particulars. This demurrer was overruled by the chancellor, and Rabinowitz appealed. The notice of entry

of appeal, which was duly recorded in the chancery order book, is as follows:

IN CIRCUIT COURT, MANATEE COUNTY, FLORIDA.
IN CHANCERY

C. W. Houk, Complainant,

v.

A. J. Rabinowitz, Samuel C. Rudine, Chas. E. Sumner, Jacob Edwards, the unknown heirs, legatees, devisees, grantees of the said Chas. E. Sumner, Jacob Edwards and Samuel C. Rudine, respectively; and any and all parties claiming any interest in and to the following described lands, situated in Manatee County, Florida, to-wit: All of Section 26, 28, 30, 32, and 34, in Township 35 South, Range 20 East. }
Bill to Quiet Title.

NOTICE OF ENTRY OF APPEAL TO THE SUPREME COURT OF THE STATE OF FLORIDA. By A. J. Rabinowitz of Defendants.

Comes now the defendant, A. J. Rabinowitz, by his solicitor, W. B. Shelby Crichlow, and applies for and enters his appeal from the order of this court overruling this defendant's demurrer to complainant's amended bill of complaint, entered the 4th day of December, 1927, returnable to the Supreme Court of the State of Florida, to be held in Tallahassee on the 28th day of March, 1928.

W. B. SHELBY CRITCHLOW,
Solicitor for A. J. Rabinowitz,
Defendant below Appellant here.

It appears that the foregoing notice was entered within the time prescribed by law, and made returnable within the proper period. But the form of the notice will be given some consideration.

Section 4964, Comp. Gen. Laws, governing the entries of notices of appeals, does not prescribe the form of such notice.

In Garrison v. Parsons, 41 Fla. 143, 25 So. R. 336, it was held that the entry as recorded should be sufficient to advise the parties entitled to notice, as well as the appellate court, that an appeal has been taken by definitely named parties against definitely named parties. And in Continental Nat'l B. & L. Asso'n v. Miller, 41 Fla. 418, 26 So. R. 725, it was held that all parties to an appeal, both appellants and appellees, should be named, either in the caption to, or in the body of, the entry appeal, and that those attempted to be included therein by the use of the abbreviation, "et al.," could not be considered as parties to the appeal. The second sentence of Section 4635, Comp. Gen. Laws, was evidently designed to change the rule laid down in the last cited case, so as to allow the use of the abbreviation referred to in cases where there are numerous parties, but we are not here concerned with that question, which, however, was discussed in the concurring opinion of Mr. Justice WHITFIELD in Hays v. Isetts, 125 So. R., p. 242. In Price v. Horton, 76 Fla. 537, 80 So. R. 305, it was held by a unanimous Court that statutes giving the right of appeal should be liberally construed in furtherance of justice, and in that case a notice of entry of appeal was held sufficient, which, after stating the names of the complainant and the several defendants in the caption, headed "Entry of Appeal," read as follows: "And now come the defendants, by Giles J. Patterson and Milam & Milam, their solicitors and counsel, and apply for and enter their appeal * * * to the Supreme Court of the State of Florida, to be held at Tallahassee on the first Tuesday in April, A. D. 1918," and being signed by the solicitors named. The omitted language was a misdescription of the order appealed from, but

the Court held that, as there was only one appealable order shown by the record, being the final decree, the inaccurate and unnecessary words would be rejected as surplusage, and the notice held sufficient to bring up the final decree, which was the intent of the notice. In the entry of appeal in the case just cited no one is expressly directed to take notice of the appeal; yet, nevertheless, it showed an appeal by all the defendants; and as all the parties, complainant and defendant, were named in the caption, it was held sufficient. But, although all the parties to the suit in the court below are correctly set forth in full in the caption to the notice of entry of appeal as recorded, yet if in the body of such document it clearly appears that the appeal is being taken by only one or more specifically named parties, it does not bring here as parties appellant any other party or parties other than those thus expressly taking the appeal. Hay v. Isetts, 125 So. R. 237; Wilson-Mason Co. v. Duncan, 90 Fla. 112, 105 So. R. 123; Henry Vogt Machine Co. v. Milton Land & Inv. Co., 74 Fla. 116, 76 So. R. 695. It follows from the above authorities that the effect of the notice of entry of appeal in this case must be limited to bringing before us, as the sole party appellant, the particular defendant expressly taking the appeal, as shown in the body thereof, in spite of the fact that the names of all the defendants appear in the caption. It also follows that the entry of appeal is otherwise sufficient, so far as its form is concerned, to bring up for review the order overruling the demurrer, which is definitely described, and to bring before us, as the party appellee, the complainant in the court below, whose name is shown by the caption. It is true, that, contrary to good practice, the notice of appeal is neither directed nor addressed to any one, nor is any one directed to take notice of the appeal; but the caption of the notice, giving the names of the parties, corresponds with the cap-

tions of all the pleadings in the court below and shows the name of the party complainant, in whose favor the order appealed from was rendered, and the name of the party defendant, against whom such order was rendered, as the party appealing therefrom. Under the liberal interpretations of the statute heretofore announced by the Court, as shown by the above cited cases, as well as under Section 4635, Comp. Gen. Laws, the form of the notice, while it could well have been made more definite and specific, will be held sufficient to transfer the cause to this Court. So we are not concerned with any question of lack of jurisdiction.

We now come to the question as to whether or not this particular defendant had the right to take this appeal in his own name only; or, to put it another way, whether this appeal should be dismissed because the appellant, Rabinowitz, failed to take the appeal in the name of *all* the parties defendant.

In view of the numerous motions which are constantly being made in this Court for the dismissal of appeal for lack of necessary or proper parties, a brief review of some of our decisions on the subject may be helpful to the profession.

In the recent case of Hay v. Isetts, *supra,* this Court held, pursuant to its former decisions, that where essentially necessary parties are omitted from an appeal, and such parties have not voluntarily submitted themselves to the jurisdiction of the appellate court, and the time for taking an appeal has expired, they cannot be made parties to the appeal, and such appeal will be dismissed *sua sponte* by this Court. That was a case where some of the parties defendant against whom a final decree had been rendered took an appeal without joining therein certain of their co-defendants whose interests were directly and vitally affected by such final decree. For good reasons stated in

the opinion, the omitted parties were held to have been necessary parties, and the appeal dismissed. In that case it was held that Sections 4635 and 4636, Comp. Gen. Laws must be so construed as not to impair the judicial power to determine whether a party is, or is not, a necessary or essential party, which was held to be a judicial, rather than a legislative question. But it was further held in that case, in harmony with our previous decisions, that "a party aggrieved or injured by a judgment of a trial court should not be deprived of an opportunity for appellate review merely because he fails to bring in nominal or useless parties who have no real or substantial interest in whether the judgment or decree appealed from is reversed or sustained, or where such appellant is the only party aggrieved or affected by such judgment." And again it was said that there could be no good reason why, generally speaking, "a party to a cause in the trial court, who cannot be injured by an appeal, should be brought into this court on the appeal." This last is especially applicable in the case at bar.

In Guarantee Trust and Safe Dep. Co. v. Buddington, 23 Fla. 514, 2 So. R. 885, it was said by this Court, speaking through Justice RANEY:

"It is true that all parties to a decree which is in law and fact joint must unite in an appeal from it. If any of the joint parties refuse to do so, the others may take the appeal in the name of all the parties aggrieved in their joint interests, and have summons and severance (or equivalent proceedings) as to the recusant joint parties. Whitlock v. Willard et al., 18 Fla. 156; Masterson v. Herndon, 10 Wall. 416. This rule, however, does not preclude any one party who may be aggrieved by a decree in his separate interest, or several parties who may be aggrieved as to their united

interests, from taking, the former his individual appeal, and the latter their joint appeal, although there may be numerous other parties adjudged against by the same decree, but not united in interest with such individual or joint parties in the matter so decreed as to him or them. Todd v. Daniel, 16 Peters 521; Forgay v. Conrad, 6 How. 201.

''A decree may be several in fact and in law, though it be apparently joint in form, and the failure to unite as party to an appeal one whose interest is clearly separable and distinct from that of the party taking such appeal is not error. Hanrick v. Patrick, 119 U. S. 156.''

Germain v. Mason, 12 Wall. 258, and R. R. Co. v. Johnson, 15 Wall. 8, were also cited, and the liberal holdings therein outlined, with evident approval, in Justice RANEY's opinion.

The Buddington case has been cited and followed by this Court in numerous later cases, some few of which we will briefly review.

The case of J. M. & P. R. & N. Co. v. Broughton, 38 Fla. 139, 20 So. R. 829, was originated in the circuit court by a bill filed by Broughton to enforce a lien for certain construction work done for the railroad company, in his own behalf and in behalf of all other creditors who would come in and prove their claims, and prayed a sale of the entire assets of the railroad. The bill made the railroad company and the Mercantile Trust Co., to which latter company as trustee a mortgage had been made by the railroad company to secure an issue of bonds, parties defendant. Numerous other creditors came into the cause some by way of intervention. Complainant and the other creditors claimed priority over the bond mortgage. The railroad company defended the suit, but a decree *pro confesso* was

entered against the Mercantile Trust Co. There were various orders made in the cause. A final decree was rendered, adjudicating the rights of the various parties, according priority of the other lien claimants over the bond mortgage, and a sale of all the assets of the railroad company was ordered. From the final decree, the railroad company took a separate appeal. The Trust Company also took its own separate appeal. There was a motion to dismiss the separate appeal of the railroad company upon the ground that it should have taken its appeal in the name of all the defendants. This Court denied the motion, stating that the decree against the railroad company was for the sale of its property to pay certain sums adjudged to be due by it, but that there was no money demand or liability of any kind adjudged against the Trust Company, and that the decrees rendered were not so joint in form or substance against the defendants as to demand a joint appeal on their part.

In Ray v. Trice, 48 Fla. 297, 37 So. R. 582, it was held that upon an appeal by one not a party to the foreclosure suit, from an order denying his motion to quash a writ of assistance granted to the purchaser at foreclosure sale, and to restore to him possession of certain property taken under such writ, where the only parties to the motion were the movant and the purchaser, neither the complainant nor defendants in the foreclosure suit were necessarily parties to the appeal, although the writ had been issued upon the suggestion of the complainant.

It was held in Hazen v. Stevens, 60 Fla. 460, 53 So. R. 716, that where it does not clearly appear from the record or appeal that omitted parties are directly and substantially affected by the decree appealed from, the Court will not of its own motion dismiss the appeal. See also Nail v. Browning, 74 Fla. 108, 76 So. R. 679.

In Henry v. Whitehurst, 66 Fla. 567, 64 So. R. 233, it was held that a defendant in replevin may take out a writ or error separate from the sureties on his forthcoming bond, against whom, together with the defendant, the money judgment had been jointly rendered, and the plaintiff had elected to proceed on the money judgment, and execution issued thereon had been levied on the property of one of the sureties.

Where the right of a complainant to file a bill of interpleader is not questioned and the property is deposited in court, and the defendants proceed to litigate the matters in dispute among themselves, it was held in Wainwright v. Conn. Fire Ins. Co., 73 Fla. 130, 74 So. R. 8, that the losing defendant should not on appeal make the complainant the appellee, as the latter had no further interest in the litigation. The winning defendant was the proper party appellee.

In Henry Vogt Machine Co. v. Milton Land & Inv. Co., 74 Fla. 116, 76 So. R. 695, it was held that where a decree is entered in favor of complainant against one of the several defendants, and the decree does not *directly affect* any of the other defendants, the injured defendant alone may take a separate appeal.

A receiver, though not a party to the original suit, may be named as the only appellee in an appeal from an order fixing his compensation as receiver. Theo Hirsch Co. v. Scott, 87 Fla. 336, 100 So. R. 157.

Now, as to parties in default. It has been laid down as a general rule in numerous cases that parties who have suffered a default need not be made parties to an appeal, but statutes and special circumstances sometimes require this to be done. 3 C. J. 1005.

There is a well considered opinion bearing on this point in one of our early cases, Megin v. Filor, 4 Fla. 203. In that case, Megin, a creditor of Taylor, filed a bill against

Taylor, Sawyer and Filor to set aside a deed made by Sawyer to Filor as trustee for Taylor's daughter, alleging that Taylor had purchased the land from Sawyer and had the deed made to Filor in fraud of creditors, and prayed that the property be decreed to be the property of Taylor. Decrees *pro confesso* were entered against Taylor and Sawyer, both of whom were non-residents. Upon final hearing, the court dismissed complainant's bill. Complainant appealed, making Filor the sole appellee. This Court held that it would be impossible to render any effective degree against appellee Filor without invading the rights and interests of at least one of the two absent parties, and hence declined to consider the case in its then existing condition. It was said in that case that although in some cases this Court would not entertain an appeal taken by a party in default, the converse of the rule would not always hold good; that when questions affecting the interest of such a party are brought to this Court for adjudication by the other party, the party in default should be made a party appellee. In this connection, the Court said:

"In the first case the appellate court refuses to hear him from respect to the court below, to whose order he has refused obedience; but in the other case they are called upon to reverse a decree of the inferior court in his favor, and it is no want of respect to that court for us to give the party the benefit of the general law requiring citation.

"In the first case, also, we refuse to allow him to seek here to evade the judgment of the court to which he is in contempt; but in the other, it might be that the judgment of this Court would deprive him of rights which he now holds under the judgment of that court."

In that case, the complainant was appealing from a decree in favor of the defendants, and even the defendants

in default in the trial court were entitled to the benefits and protection of that decree, and hence entitled to be brought in as parties appellee to any appeal attacking such decree. See also Armour Fertilizer Works v. N. G. Wade Investment Co., 90 Fla. 403, 105 So. R. 819.

That is not the situation in the case at bar. Here the demurrer of one of the defendants was overruled. The other defendants were in default and could not demur, nor appeal. The contesting defendant alone appealed. This appeal might possibly benefit the omitted defendants; but it could not injure them. It is not an appeal from a decree vesting in them, or adjudicating in their favor, any rights or interests whatsoever; but it is an appeal from a decree in favor of an adverse party. There was, therefore, no necessity for their own protection, for the contesting defendant to bring them in as co-appellants. They were in default when the demurrer was filed by their co-defendant in his own name, and the court's order thereon made, and were still in default when the appeal from the order was taken. They could not have appealed from such order themselves, nor was it necessary for the contesting defendant to join them in his appeal. See Megin v. Filor, *supra.* Even on an appeal from a final decree by a party against whom decree *pro confesso* has been taken, the scope of the appeal is considerably narrowed and limited. Hart v. Stribling, 21 Fla. 136.

A party defendant to a chancery proceeding in whose favor the bill was dismissed and against whom no relief was granted cannot appeal, and should not be made a co-appellant. Witt v. Barrs, 36 Fla. 119, 18 So. R. 330.

But defendants against whom a decree *pro confesso* has been entered, may jointly appeal from an interlocutory order refusing to open up such decree *pro confesso,* and they may do this without joining the other defendants in

the appeal. Lukens Gulf Cypress Co. v. Cockran, 65 Fla. 305, 61 So. R. 630.

It is not necessary, even on appeal from a final decree, for the contesting defendants to bring in co-defendants against whom decrees *pro confesso* had been taken, whose rights and interests were separable from those of the defendants appealing. Winters v. U. S., 207 U. S. 564, 52 L. Ed. 340.

For a general treatment of this subject, see 3 C. J. 1003 et seq.

It should also be borne in mind, in dealing with this subject, that, as this court has several times held, an appeal in equity proceedings is not a new suit, but is regarded as a continuation of the suit below (3 C. J. 320), or, in the language of our statute, "as a step in the cause." Section 4635, Comp. Gen. Laws.

In the light of these principles, we do not think that this appeal should be dismissed. The defendant filing the demurrer was the only defendant who could demur, and upon the overruling of his demurrer he was the only defendant who could appeal. It was therefore unnecessary for him to make his defaulted co-defendants parties. There are probably other reasons, such as that he was aggrieved in his separate interest, but those above stated are sufficient.

We will therefore proceed to consider the case on its merits and determine whether or not the chancellor erred in overruling appellant's demurrer to the amended bill.

It appears from the briefs that certain deeds referred to in the amended bill as "deeds" and "fee simple deeds" were in fact quitclaim deeds and construing the pleading most strictly against the pleader, the other deeds being specifically described as warranty deeds, perhaps this construction would have been permissible without express acknowledgment to that effect in the briefs.

The amended bill alleges that on August 1, 1924, the complainant, appellee here, was the owner in fee simple of described land, of which he was in actual, open and notorious possession. That complainant acquired title to the land by warranty deed from Edge and Howard and said deed being dated July 24, 1924, and filed for record August 13, 1924; that Edge and Howard received title from Manatee Naval Stores Co., by recorded warranty deed dated August 13, 1919; that said corporation acquired title from Young and Robertson and their wives by recorded warranty deed dated October 15, 1903, Young having obtained title to an undivided half interest from Robertson by duly recorded deed dated January 5, 1901; that Robertson had acquired title from L. N. Wilkie and wife by warranty deed dated December 3, 1900, and duly recorded. That L. N. Wilkie had acquired title by two deeds, one from Robert J. Edwards, bachelor, dated November 26, 1900, filed for record February 4, 1901, book and page of record being given, and the other being a deed (not alleged to be a warranty deed) from Jacob Edwards, widower, dated October 24, 1900, filed for record February 4, 1901, book and page of record being alleged. That Robert J. Edwards acquired title by a tax deed from the State of Florida, on a sale of the land for delinquent taxes, which deed was dated October 30, 1892, filed November 1, 1892, and recorded in a certain book and page; that no suit had been filed by any predecessor in title of defendant to set aside said tax deed, against the grantee named therein, or his heirs, assigns, or successors in title, to recover possession of said lands, within four years after the date of said sale, and said deed had therefore become indisputable. That said Jacob Edwards, the common source to title, had acquired title to said land by a deed from the Florida Commercial Co., a corporation, by warranty deed, dated May 7, 1888, recorded May 24, 1888, in a certain book and page.

That defendant Rabinowitz, on August 28, 1925, filed for record three certain written instruments, one of which purported to be a warranty deed and the other two "fee simple deeds," as follows: A warranty deed from Jacob Edwards and wife, to Charles E. Sumner, dated January 12, 1892; a fee simple deed from Charles E. Sumner, widower, to Samuel C. Rudine, dated November 8, 1916, and a deed from Samuel C. Rudine, unmarried, to defendant Rabinowitz, dated August 5, 1925; none of said deeds having been filed for record until August 28, 1925.

That prior to his purchase of said lands complainant caused a diligent search of the public records of the county, and such records disclosing no outstanding interest in said lands, and none of the defendants being in possession of any part thereof, plaintiff had purchased said lands and had paid a valuable consideration therefor, in fact the full value of the lands, without notice of the claim of the defendant, or of any other person, in or to the same, except the right and title of complainant's grantors. That therefore said then unrecorded deeds, under which Rabinowitz claims, are not good and effectual as against complainant. The prayer is for the removal of the cloud by the cancellation of the record of said three deeds, and for the quieting of the title in complainant.

We can agree with appellant that the allegations of the bill are not sufficient to show title by adverse possession, if indeed such was the intention of the pleader.

The bill was evidently drawn under Chapter 11383 of the Laws of 1925, now Sections 5010-5019, Comp. Gen. Laws. In construing this Act, it was held in McDaniel v. McElvy, 108 So. R. 820, 91 Fla. 770, that complainant must deraign his title from its ultimate source, or allege facts showing good title by adverse possession, or allege title in himself from defendant, or that he claims from a

·common source with defendant, complainant showing the better title from that source.

The contention of the appellant is that under complainant's bill he cannot claim to be a bona fide purchaser for value whose title was unaffected by appellant's unrecorded deeds, because he claims through L. N. Wilkie who held under a mere quitclaim deed from Jacob Edwards, the common source; and that, so far as the other deed to Wilkie from Robert J. Edwards is concerned, being based upon the tax deed to Edwards, the bill is without equity in that it is in conflict with the rule that equity will not entertain a bill to establish or quiet a title based upon a tax deed.

As to the first question, appellant contends that inasmuch as the bill shows that Jacob Edwards had in 1892 conveyed the land by warranty deed to Sumner, under whom appellant claims, that, even though this deed was then unrecorded, the subsequent quitclaim deed by said Edwards to Wilkie in 1900 did not operate to convey any title to Wilkie; that, therefore, the bill fails to show that the title of Jacob Edwards ever passed through Wilkie to appellee.

Appellee, in reply, says that that his warranty deed from his immediate grantor was the fifth successive warranty deed in his chain of title; all of which were duly recorded; that the warranty deed directly to him was recorded more than a year before appellant placed his three purported deeds on record, the first of which was withheld from record for more than thirty-three years, and the second for nine years; that therefore appellee was a bona fide purchaser for value without notice, within the meaning of Section 5698, Comp. Gen. Laws, in spite of the fact that one of the remote grantors in his chain of title took by quitclaim deed, and that appellant's three unrecorded deeds were ineffectual as against appellee.