EUGENE L. WILLIAMS, *et al. Appellants,* v. D. J. JOHNSON, *Appellee.*

146 So. 898.
Opinion filed March 28. 1933.
Re-hearing denied April 5, 1933

*W. D. Bell,* for Appellants;

*Bussey, Mann & Barton* and *Shade Walker, Jr.,* for Appellee.

WHITFIELD, P. J.—Proceedings to enforce a mortgage lien to secure the payment of notes, were brought by D. P. Johnson against Eugene L. Williams and his wife, mortgagors, and J. N. Holms, it being alleged that any claim of the latter against the property is subordinate to the complainant's lien.

The mortgagors by answer admitted the execution of the notes and mortgage but deny indebtedness to complainant in any sum "except upon the condition of the fulfillment by Complainant of certain provisions of a contemporaneous written agreement between the Complainant and the Defendant Eugene L. Williams, a true copy of which agreement is hereto attached and made a part hereof as is set forth herein *haec verba;* * that the said agreement provided for the execution of the notes and mortgage, and the same were executed and left in escrow together with the said agreement, and that all of said instruments were a part of one and the same transaction.

A breach of the agreement is averred "wherefore Defendants say that the consideration for the aforesaid notes and mortgage has wholly and completely failed."

In the same answer "defendants deny each and every allegation of the bill of complaint that is not herein directly

confessed or admitted; and for affirmative relief, say: That the mortgage and notes were given as a part of the purchase price of the lot described in the bill of complaint; and that the execution of the deed by Complainant and the mortgage and notes by Defendants, were according to an agreement between Complainant through his duly authorized agent and attorney Walter J. Johnson, and Defendant Eugene L. Williams, which is the same agreement heretofore referred to, a copy of which is hereto attached and made a part hereof as if set forth herein *haec verba.*"

The averments of the answer and the contract state mutual agreements not under seal; and the answer avers facts stating performance of the agreement by the defendants and non-performance of the agreement by the complainant; which averments were not subject to the demurrer interposed thereto; therefore the demurer to the aswer filed under the statute, Chapter 13660, Acts of 1929, should have been overruled. A motion to dismiss the appeal taken by the mortgagors from the final decree for the complainant, was denied on the authority of Rabinowitz v. Houck, 100 Fla. 44, 129 So. 501.

Reversed.

DAVIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J. (Concurring specially).—I hardly think the facts alleged in the answer show an entire failure of consideration, or a sufficient ground for rescission and cancellation, but that it does contain allegations sufficient to show a good set off or counter claim which would have materially reduced the amount which complainant could rightfully claim at the amount for which foreclosure should be allowed.