**HARLOW P. DAVOCK and HARLOW N. DAVOCK v. GLENN WHELEN, a single woman.**

24 So. (2nd) 46

December 11, 1945

June Term, 1945

En Banc

*Davis & Lockhart* and *Miller & Fitsimmons,* for appellant.

*McCune, Hiaasen & Fleming* and *C. A. Hiaasen,* for appellee.

CHAPMAN, C. J.:

The record in this case discloses that (Miss) Glenn Whealen, of Dayton, Ohio, in December, 1923 acquired by purchase title to Lot. Nos. 13 of Block 19 of Lauderdale Beach, Broward County, Florida, and paid therefor the sum of $3150.00. She caused the deed to be recorded in the office of the Clerk of the Circuit Court of Broward County, Florida, and gave to the Clerk her specific street address and residence viz: Miss Glenn Whealen, 201 Volusia Avenue, Dayton, Ohio.

During the Spring of 1935 a suit to foreclose tax certificates against Lot 13 of Block 19, *supra,* and other real estate, was filed in the Circuit Court of Broward County, and service of process on Glenn Whealen was had by publication; other parties were made defendants to the suit, and the residence

and address of the defendant, Miss Whealen, both in the affidavit and in the order of publication, were stated as unknown. The foreclosure suit ultimately was reduced to a final decree, when the aggregate amount of the tax lien against the Whealen lot was adjudged to be in the sum of $33.91. The Whealen property was sold at a master's sale pursuant to the final decree for the sum of $50.00 and the amount was recited in the Master's Deed which issued to Faustine Lasseter under date of June 29, 1935. Lasseter in turn conveyed the property on the same date to Alanson Follansbee, and the latter, on April 25, 1936, conveyed it to the East Coast Supply Company, and it in turn conveyed the property during January, 1937, to Harlow P. Davock, and on August 1, 1939, Harlow P. Davock conveyed it to his father, Harlow N. Davock, by special warranty deed.

On April 5, 1938, Glenn Whealen, by petition filed in the tax foreclosure suit, supra, prayed for an order vacating and setting aside both the final decree and decree pro confesso entered against her in the tax certificate foreclosure because the plaintiff therein had failed to exercise such diligence as was legally required in perfecting service on her by publication; that she had not been served with a summon in the cause and had the plaintiff exercised such diligence as the law required, her address could have been found in the office of the Clerk of the Circuit Court where it appeared as: 201 Volusia Avenue, Dayton, Ohio; that mail sent to her at this address in the usual course would have been delivered, and that her address had not been changed from the time of acquiring title to the property in 1923 until the petition to vacate was filed in 1938.

On March 25, 1939, the lower court, after hearing all the evidence of the respective parties, held invalid the order of publication, the decree pro confesso, the final decree and the order of confirmation in so far as the orders and decrees affected Glenn Whealen and Lot 13 of Block 19 of Lauderdale Beach as made and entered in the tax foreclosure suit. The same order or decree granted the defendants the right to file appropriate pleadings in the same proceeding or to institute independent proceedings.

On October 18, 1940, Harlow P. Davock filed his bill of complaint under Section 66.12, Fla. Stats., 1941 (FSA), against Glenn Whealen seeking an order quieting title to Lot 13 of Block 19 of Lauderdale Beach. It was alleged that the Court had jurisdiction of the subject matter and the person of Glenn Whealen and had the power to render a decree in the tax certificate foreclosure suit; that the plaintiff was a bona fide purchaser of the property for a valuable consideration and without notice of any interest, claim or demand of Glenn Whealen in the described land. On final hearing the bill of complaint was dismissed and plaintiff appealed.

Counsel for appellant pose for adjudication on this appeal the question viz: Is the plaintiff, Harlow P. Davock, who purchased from a grantor, who was a purchaser from a purchaser at a judicial sale, affected by defects and irregularities in the proceedings not appearing on the face of the record, when the court had jurisdiction of the parties and the subject matter and without actual knowledge or notice of facts rendering the decree voidable? It is to be observed that the question posed assumes that the court in the tax certificate foreclosure "had jurisdiction of the parties and the subject matter."

Emphasis of counsel is placed on the fact that the entire record fails to show that the appellant was a party to the foreclosure or a purchaser at the Master's sale, but was a purchaser from a purchaser of a purchaser at the sale and therefore the decree was voidable. The decree of the court holding invalid (a) the order of publication; (b) the decree pro confesso; (c) the final decree, and (d) the order of confirmation as it affected Glenn Whealen and Lot 13 of Block 19 of Lauderdale Beach, is unquestionably sustained by our holdings in Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526; Smetal Corp. v. West Lake Inv. Co., 126 Fla. 595, 172 So. 58; Minick v. Minick, 111 Fla. 469, 149 So. 483; McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, and similar cases.

It is not disputed that an abstract of title of Lot 13 of Block 19 of Lauderdale Beach was delivered to the appellant some two days prior to his acceptance of a deed. Whether or not his grantor was able to convey a merchantable title could

have been ascertained by a study of the abstract or by obtaining an opinion of an attorney based on the abstract. He frankly admitted that he did not examine the abstract or see an opinion based thereon, but now asserts that the decree dated March 19, 1939, as to him is voidable, although the court was without jurisdiction over the person of Glenn Whealen.

The appellant accepted title without an examination of the record or an opinion of counsel, although he had in his possession an abstract of title. An examination and study of the record, had such occurred, would have been sufficient to put the appellant on notice, but he disregarded his legal duties and accepted title to this unimproved property. In the case of Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501, we held that a purchaser for value, without notice, acquiring title by warranty deed, in good faith, after due search of the record, is a bona fide purchaser. See Sapp v. Warner, 105 Fla. 245, 141 So. 124, and similar cases.

Affirmed.

TERRELL, BUFORD, BROWN and ADAMS, JJ., concur.

THOMAS and SEBRING, JJ., agree to conclusion.