AUBURN AUTOMOBILE COMPANY, an Indiana Corporation, *Appellant*, vs. NAMOR CORPORATION, a Florida Corporation, HABIG MOTORS COMPANY, a Florida Corporation, et al., *Appellees.*

143 So. 604.

Division B.
Opinion filed August 28, 1932.

*Miller, McKay, Dixon & DeJarnette,* for Appellant;

*Burdine, Terry & Fleming, Albert B. Bernstein, Copeland & Therrell, Willard Utley, John M. Murrell, Paul D. McGarry, Marshall F. Sanders, Patterson & Knight, W. J. Dunn* and *Clark & Ellis,* for Appellees.

PER CURIAM.—This was a class suit, brought by Namor Corporation, as complainant in the court below, not only for its own benefit, but also for the benefit of all other creditors of the defendant, who might come in as parties. The defendant named in the bill was Habig Motors Company. The nature of the action brought was a statutory creditors' bill filed by a creditor which had first brought suit at law. See Section 5035 C. G. L., 3229 R. G. S. The relief prayed was that the rights of complainant and all other creditors of the defendant corporation be ascertained and decreed; that the Court administer the funds and properties of the defendant by marshalling the assets of the corporation and applying same upon the claims of the various creditors as their interests might appear. A receiver was prayed for, appointed and qualified. Numerous creditors filed claims, among them the appellant, Auburn Automobile Company, whose claim for a preference was disallowed. The final decree ordered "that all creditors who have filed and prosecuted claims herein, and those who have objected to claims, pursuant to the order of reference and the order or re-reference, have been

treated by the court and by all parties and creditors, as parties to this suit, and all such creditors are hereby declared parties hereto, the same as if they had formally intervened.''

From the final decree and certain orders made by the Court, the Auburn Automobile Company, one of the creditors, took an appeal. The form in which the appeal was taken is in substance as follows:

"In the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.
In Chancery. Cause No. 31747-C.

"Namor Corporation, a Florida Corporation, Plaintiff,

vs.

Habig Motors Company, a Florida Corporation, Defendants.

NOTICE AND ENTRY OF APPEAL.

Comes now AUBURN AUTOMOBILE COMPANY by its undersigned solicitors, and takes and enters this appeal to the Supreme Court of Florida, from those certain orders made and entered (here describing them giving date and place of record) and makes said appeal returnable to the Supreme Court of Florida, on the 27th day of February, A. D. 1932; it being the intention of this entry and notice of appeal that AUBURN AUTOMOBILE COMPANY shall be the appellant and that all other parties to this cause, whether plaintiffs, defendants, intervenors, claimants, receivers or creditors, shall be parties appellee.

The Clerk will please record this entry and notice of appeal in Chancery Order Book forthwith.

Dated at Miami, Dade County, Florida, this 30th day of November, A. D. 1931.

(Signed) Miller, McKay, Dixon and DeJarnette
By James Dixon,
Solicitors for Auburn Automobile Company.''

It is contended by certain of the creditors not specifically *named* in the above notice as appellees, that the notice

of appeal is insufficient to give this Court jurisdiction over the persons of those not specifically named, and that inasmuch as they have not appeared generally in the appellate court, that the appellate court cannot proceed, because each of them is an *indispensable* party to the appeal,—that each creditor whose claim was *adjudicated* by the orders and decrees appealed from, has a "vital and pecuniary interest in the decree" and will be materially affected by any reversal or modification thereof, by having the amount he will receive under the decree, diminished if appellant prevails.

A motion to dismiss the appeal because of lack of alleged necessary parties, has been made by seven creditor parties herein specially appearing for that purpose and no other.

Assuming that each of the creditors who filed claims during the progress of the suit is a necessary and indispensable party to any appeal from a decree adjudicating and ordering funds on hand to be disbursed by a receiver in payment of adjudicated claims (Bloomingdale vs. Watson, C. C. A. Fourth Circuit, 128 Fed. 268), is the notice of appeal filed herein sufficient to comply with the requirement heretofore laid down by this Court in Rabinowitz vs. Houk, 100 Fla. 44, 129 Sou. Rep. 501, to the effect that the entry of notice of appeal in chancery causes should be sufficient to advise the parties entitled to notice, as well as the appellate court, that an appeal has been taken by *definitely "designated"* parties against definitely *"designated"* parties?

Stated another way, the question is whether or not claimants added as parties to a class suit *in the course of its progress* to final hearing, can be "designated" as was done in this case for the purpose of entry of appeal, without *naming* each of such claimants as appellees, provided the appellant is definitely *named,* and the complainant in the court below, who brought the suit as representative of,

and on behalf of, all other creditors, is together with the original debtor defendant corporation, also definitely *named* as a party to the appeal, under the statute?

Our conclusion is that where there is a class suit brought by one definitely named creditor against a corporation, and the complainant creditor in bringing the suit names himself *as representative of* all other creditors who may thereafter come into the suit, file claims, or be made parties thereto, that upon an appeal from decrees or orders made in the cause, in which such class members may be interested and considered necessary and indispensable parties, that the definite *naming* of the complainant creditor representing other creditors as a class, together with the definite *naming* of the original defendant corporation, coupled with a general description of all the other parties as "all other parties to this cause, whether plaintiffs, defendants, intervenors, claimants, receiver or creditors" as associated appellees, with the *named* creditor representing the class, and the *named* corporation, representing the original defendant in the bill, is sufficient to confer on the appellate court jurisdiction of the parties and of the subject-matter sufficient to enable such court to pass upon and adjudicate the appeal of an objecting intervening creditor complainant whose claim to a particular creditor status has been disallowed, and who has become entitled to appeal from the decree for the purpose of asserting his own objections to it with a view to reversal in the particulars he complains of.

So holding, the motion to dismiss the pending appeal will be denied and the cause retained on the docket for disposition on its merits in due course.

Motion to dismiss appeal denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J.,      concur in the opinion and order.