W. D. Gover v. George T. Mann.

153 So. 895.

Opinion Filed March 3, 1934.

*George M. Okell,* for Appellant;

*Brown & Wood* and *W. Davis Hamilton,* for Appellee.

Davis, C. J.—In this case a motion by appellee to quash the appeal was heretofore denied without opinion. Subsequently a motion for rehearing was filed and a rehearing granted, so that the sufficiency of the entry of appeal could be re-examined in the light of what was said in the opinion

of this Court in Hay v. Isetts, 98 Fla. 1026, 125 Sou. Rep. 237.

Section 11890, Acts of 1927, Laws of Florida (now Section 4635 C. G. L), reads as follows:

"No writ of error or appeal shall be dismissed for want of proper parties if the writ of error or notice of entry of appeal recorded within the time allowed by law shall iden-' tify with reasonable certainty the judgment or decree sought to be reviewed. In case of numerous parties it shall be sufficient designation to identify the cause by its usual title in the inferior court and the abbreviation *"et al."* may be used to designate parties other than those expressly named. To this end the proceedings in error or upon appeal shall be taken and considered as a step in the cause. (Ch. 11890, Acts 1927, Sec. 1.)"

Section 4964 C. G. L., 3172 R. G.S., reads as follows:

"Notice of entry of all appeals in chancery causes, whether taken in open court or in vacation, shall be filed with the clerk of the court whose order or decree is to be reviewed, and by such clerk shall be forthwith entered in the chancery order book; and no other or further notice of such appeal shall be required to be given or served in order to give to the Supreme Court complete jurisdiction over the person of the appellee, but the record of such entry in the chancery order book shall be taken and held to be sufficient notice to the appellee of the taking of said appeal and of the pendency thereof in the Supreme Court. (Ch. 4528, Acts 1897, Sec. 1.)"

In the present case the following is the complete entry of appeal as it appears in the transcript:

"In the Circuit Court, Eleventh Judicial Circuit, Dade County, Florida. In Chancery.

"George T. Mann, Plaintiff, v. Katherine Irene Gideon and her husband, Robert A. Gideon; Frank S. Smith and

his wife, Effie A. Smith; Frank S. Smith as Trustee; Taylor Smith and his wife, Helene Young Smith; Graydon Thomas and his wife, Lucy Thomas; Catherine Thomas, also known as Cathryn Thomas, now a single woman, but formerly the wife of Graydon Thomas; W. D. Gover and his wife, Mrs. W. D. Gover; Burdine's, Inc., a Florida corporation; Katherine Humphreys and her husband, Robert Humphreys, Grace B. Conlon and her husband, R. L. Conlon, Defendants.

"Case No. 34901-D.

"BILL TO FORECLOSE MORTGAGE.

"NOTICE AND ENTRY OF APPEAL.

"Now comes W. D. Gover, a defendant, by and through his solicitor, George M. Okell, and enters this his appeal to the Supreme Court of Florida from:

"(A) An order entered August 10, A. D. 1932, in and by which the Circuit Court overruled and denied the motion of Defendant, W. D. Gover, to strike certain portions of the Bill of Complaint and also as to said order as to overruling and denying the motion of said Defendant, W. D. Gover, to dismiss the Bill of Complaint filed by Plaintiff, said order being recorded August 12, A, D. 1932, in Chancery Order Book 279 on page 239.

"(B) That the final decree entered on the 22nd day of March, A. D. 1933, said final decree being recorded in Chancery Order Book 284, page 307, in the Clerk's office of said Court.

"(C) The order of the Court made and entered in the above and entitled cause overruling and denying the exceptions of the Defendant, W. D. Gover, to the Special Master's Report.

"This appeal is entered on the 5th day of April, A. D. 1933, and the same is hereby made returnable to the Supreme Court of Florida at Tallahassee, Florida, on the 3rd

day of July, A. D. 1933, the same being more than thirty days and not more than ninety days from the entering of the appeal, this 5th day of April, A. D. 1933. Miami, Florida.

> "GEORGE M. OKELL,
> "Solicitor for W. D. Gover,
> Defendant."

Endorsements on Back:

"In the Circuit Court, Eleventh Judicial Circuit, Dade County, Florida.

"34901-D.

"George T. Mann, Plaintiff, v. Katherine Irene Gideon, *et al.,* Defendants.

"Notice and Entry of Appeal.

"Filed this 5 day of Apr. A. D. 1933 and recorded this 5 day of Apr. A. D. 1933 in Chancery Order Book 295 on page 138.

> "E. B. LEATHERMAN, Clerk Circuit Court.
> "By B. S. PEELER, Deputy.

"George M. Okell, 34 W Flagler St., Miami, Florida, Solicitor for W. D. Gover, Defendant."

Chapter 11890, Acts of 1927, Laws of Florida, was a highly remedial statute devised and proposed by a special commission on pleading and practice appointed by the Governor to recommend to the Legislature needful changes in matters of procedure. See Chapter 10200, Acts of 1925.

The object of that Act, as proposed and passed, was to make, as the statute plainly suggests, the entry of an appeal sufficient for the purpose of transferring the cause to the appellate court, if the entry of appeal identify with reasonable certainty the judgment or decree sought to be reviewed. The words, "proper parties," as employed in the statute, were used in their broad appellate sense and were

intended to embrace all the parties which it was "proper" to bring up by the record of an entry of appeal pursuant to law, *identifying* with reasonable certainty the judgment or decree sought to be reviewed by plainly describing it in the notice of entry of appeal as same should be recorded by the Clerk pursuant to Section 4964 C. G. L., *supra.*

The reference to "proper parties" was in no respect limited to those merely formal parties who, before the statute of 1927 was enacted, could have been specifically omitted from an appeal without entailing the penalty of dismissal for want of *indispensable* parties.

The courts are not justified in so construing and narrowing the 1927 statute as to attribute to the Legislature a futile accomplishment in the way of simplifying the method of taking and making effective the usual forms used in taking appeals in Chancery. Before the statute was enacted this Court would not have dismissed an appeal *in invitum* for want of any but necessary and indispensable parties to it. Gibbs v. Ewing, 94 Fla. 236, 113 Sou. Rep. 730; Clark v. Johnson, 91 Fla. 485, 107 Sou. Rep. 636.

If the holding in Hay v. Isetts, 98 Fla. 1026, 125 Sou. Rep. 237, and similar cases is, despite the statute, to be taken as meaning that the 1927 statute does make an entry of appeal, when duly recorded under Section 4964 C. G. L., *supra,* sufficient to bring up as parties to such appeal those merely supernumerary parties to the decree who are proper to be brought up on an appeal from it, but who, because of the fact that they are persons who are mentioned or involved in the decree without any real interest in its affirmance or reversal by reason of the circumstances that their rights cannot be affected by the decree appealed from, then it is obvious that the 1927 statute, as thus construed, does nothing more than forbid the dismissal of an appeal for want of parties "proper" but not necessary to it—a

thing which this Court has never done prior to the enactment of that statute.

Any party named in an order or decree appealed from is always a "proper" party to any appeal from such order or decree. But a merely "proper" party to a cause is not in every instance an indispensable or necessary party to the appeal from a decree in that cause. This is so because under our statute an appeal in chancery, being but a step in the cause, is properly so framed by an appellant as to bring into the appellate court as appellees in the first instance, all the actual parties to the decree appealed from, whether necessary parties to the appeal or not. A further reason is that parties "proper" in the cause as it has been instituted and as it has proceeded in the lower court, do not thereafter *ipso facto* become "improper" parties when named in an appeal taken in the cause, even if unnecessary to be named in such appeal.

In chancery cases, all the parties to the suit in which an order or decree is being made referring to such parties, are presumed at the time thereof to be already in court through proper service of process or appearance. As parties already in court, the statutes require them to take notice of subsequently filed and properly recorded entries of chancery appeals, sufficiently identifying the decree or order appealed from by reference to its date and the book and page where recorded. It is idle to say that as a step in the cause, the *filing* of the entry of appeal gives jurisdiction of the subject matter, unless the same entry when subsequently recorded also gives jurisdiction of the parties "proper" to that appellate step, and without which the "step" becomes a mere impotent stumble along the path to ultimate justice.

In this case, unlike the entry of appeal involved in Hay v. Isetts, 98 Fla. 1026, 125 Sou. Rep. 237, *supra,* the entry of appeal here under consideration gives the full and com-

plete style of the suit as it appeared in the court below, names each of the parties to it, and refers in detail to the date of the record, as well as to the book and page, where the final decree and each order appealed from may be found recorded on the records where the law requires them to be recorded to be effective as notice to all parties named and "proper" (i. e., essential) to be brought before the appellate court to enable that court to hear and dispose of appellant's appeal in any particular affecting a change, modification or reversal of what is covered by the recorded entry of appeal.

In Auburn Automobile Co. v. Namor Corp., 106 Fla. 594, 143 Sou. Rep. 604, this Court denied a motion to dismiss the appeal in that case for the same reasons urged in this one. Hay v. Isetts, *supra,* was relied on as authority for movant's application to dismiss, but this Court, regarding the 1927 statute as being sufficient to support the appeal as entered, rejected the notion that the statute was meaningless and upheld the appeal as sufficient for all purposes. Subsequently that appeal was decided on its merits and the decree appealed from was affirmed.

Lest the apparent inconsistency between Hay v. Isetts, *supra,* and Auburn Automobile Co. v. Namor Corp. *supra,* continue to be troublesome to the bar in the future consideration of this same question in new cases, we now hold that when considered in connection with what was said in Rabinowitz v. Houk, 100 Fla. 44, 129 Sou. Rep. 501, Chapter 11890, Acts of 1927 (now Section 4635 C. G. L.), is to be construed as precluding the involuntary dismissal of appeals in chancery for any omissions of parties, where it is made to appear that the entry of appeal, as filed and recorded in the proper place of record, clearly, definitely, correctly and sufficiently designates the date, book and page of record of the decree appealed from.

In such cases the party or parties signing the entry of appeal, and in whose name it is purported to be taken as appellant or appellants, are to be deemed appellants. All other parties to the order or decree appealed from, not designated or named as appellants, must therefore necessarily be deemed to be appellees and as such, properly before the court. As appellees they can file cross assignments of error if they desire to make complaint against the decree in the nature of becoming appellants from it, and thereby the 1927 statute is made to serve a useful and forward purpose instead of being defeated by too strict subjection to a "tyranny of words" (to borrow an expression coined by Mr. Justice ELLIS) which throttles the substance of a progressive step toward simplicity of appellate procedure by a mere play upon words which all lawyers know were intended to have a certain commonly understood meaning and not a superlatively restricted technical import.

So holding we reaffirm our former order refusing to dismiss this appeal for insufficient designation of parties to it.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.