HARRIET GARDNER v. NORTHERN INVESTMENT CORP., *et al.*

157 So. 665.
Division B.
Opinion Filed November 19, 1934.

*S. E. Durrance,* for Plaintiff in Error;

*Troy C. Musselwhite* and *E. W. Davis,* for Defendants in Error.

Per Curiam.—In this suit Northern Investment Company was complainant and filed its bill of complaint to foreclose certain tax certificates. Harriet Gardner, the City of Orlando, a municipal corporation, L. W. Holliday and Fannie E. Holliday, his wife, were made defendants.

The rights of the City of Orlando were determined by the final decree, as also were the rights of other parties to the cause.

After the entry of final decree notice of appeal was filed in the language as follows, to-wit:

"Comes now the defendant, Harriet Gardner, and enters her appeal to the Supreme Court of the State of Florida from the final decree entered on August 19, 1933, in that certain cause pending in the Circuit Court of the 17th Judicial Circuit, in Chancery, wherein the Northern Investment Corporation, a corporation, is complainant, and the said Harriet Gardner is defendant; this appeal being entered on this 12th day of October, 1933, the same being returnable to the Supreme Court at Tallahassee, the Capital, on the 16th day of December, 1933."

This notice of entry of appeal did not give this Court jurisdiction over the City of Orlando. Therefore, this Court is without power to review the final decree insofar as it affects the City of Orlando. The Court cannot reverse or affirm the decree without the rights of the City of Orlando being thereby affected. It follows that the City of Orlando was a necessary party to this appeal and as it was not made a party thereto, the appeal should be dismissed on authority of Hay, et al., v. Issetts, et ux., 98 Fla. 1026, 125 Sou. 237; Whitted v. Abbey, 54 Fla. 669, 45 Sou. 478; Smith, et ux., v. Fidelity Trust Co., 96 Fla. 168, 117 Sou. 791, and it is so ordered.

Timely motion to dismiss was filed herein, but on con-

sideration thereof the same was continued until the filing of briefs.

This case is to be differentiated from the case of Gover v. Mann, in which opinion was filed March 3, 1934, reported 153 Sou. 895. For complete notice of entry of appeal see opinion in that case. In that case we said:

"Lest the apparent inconsistency between Hay v. Isetts, *supra,* and Auburn Automobile Co. v. Namor Corp., *supra,* continue to be troublesome to the bar in the future consideration of this same question in new cases, we now hold that when considered in connection with what was said in Rabinowitz v. Houk, 100 Fla. 44, 129 Sou. 501, Chapter 11890, Acts 1927 (now Sec. 4635 C. G. L.), is to be construed as precluding the involuntary dismissal of appeals in chancery for any omissions of parties, where it is made to appear that the entry of appeal, as filed and recorded in the proper place of record, clearly, definitely, correctly and sufficiently designates the date, book and page of record of the decree appealed from."

The notice of appeal in the instant cases, as hereinbefore quoted fails to designate the book and page of the record of the decree appealed from. The notice of appeal purports to state the names of the parties to the suit in this language:

"Wherein the Northern Investment Corporation, a corporation, is complainant, and the said Harry Gardner is defendant."

The notice of appeal in this case does not meet the requirements as enunciated by this Court in Auburn Automobile Co. v. Namor Corporation, *et al.,* 106 Fla. 594, 143 Sou. 604.

In Rabinowitz v. Houk, 100 Fla. 44, we said:

"If the names of all parties in the trial court are correctly set forth in the caption, but it appears in the body of the

notice of entry of appeal that the appeal is being taken by a designated party or parties, only such parties so designated can be considered as appellants."

"Where essentially necessary parties are omitted from an appeal, and have not voluntarily submitted themselves to the jurisdiction of the appellate court, and the time for taking an appeal has expired, they cannot be made parties, and such appeal will be dismissed *sua sponte.*"

We, therefore, hold that a necessary party has been omitted from the notice of appeal; that the notice of appeal as shown by the record does not give this Court jurisdiction of the omitted necessary party and the appeal should be dismissed. It is so ordered.

Dismissed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.