STATE, *et al.*, v. COUNTY OF CITRUS, *et al.*

158 So. 705.

Opinion Filed January 1, 1935.

Petition for Rehearing Denied January 30, 1935.

*Lovick P. Williams* and *Hampton, Bull & Crom,* for Appellants;

*D. C. Hull, Erskine W. Landis, Hull, Landis & Whitehair, Ernest C. Johnston* and *C. H. Lockhart,* for Appellees.

Davis, C. J.—This is the second appeal from a decree of validation of certain refunding bonds proposed to be issued by Citrus County under Chapter 15772, Acts of 1931, Laws of Florida. On the first appeal (State v. Citrus County, 116 Fla. 676, 157 Sou. Rep. 4) it was held that certain portions of the proceedings for issuance of the proposed bonds were illegal but that the invalid portions were severable and could be eliminated and a decree of validation entered in conformity with the opinion of this Court on that appeal, provided the proceedings for the issuance and validation of the bonds in controversy should be subsequently so amended as to conform to the earlier opinion of this Court, which having found certain severable features of the proposed bonds to be illegal, but that otherwise the proposed refunding bonds were in all respects valid and in conformity with the law, reversed and remanded the first

decree of validation with directions to enter a decree of validation when and after all appropriate and necessary amendments had been made in the proceedings for issuance of said refunding bonds as to conform to the opinion of this Court filed September 27, 1934, as amended and modified by an order of this Court entered October 12, 1934.

A bond validation proceeding under Sections 5106-5112 C. G. L., 3296-3302 R. G. S., is a statutory proceeding in chancery and is controlled and governed in all respects by the procedural requirements for the determination and appeal of chancery issues generally, except in those special details where the general chancery practice has been modified by the special procedural requirements of this statutory proceeding itself. By reason of its possession of all of the characteristics of a chancery proceeding, although the right to maintain it as such is purely statutory, an appeal from a decree of validation in a bond validating proceeding is a step in the cause, as is an appeal in other chancery causes under the laws of this State. See Rabinowitz v. Houk, 100 Fla. 44, 129 Sou. Rep. 501; Gover v. Mann, 114 Fla. 128, 153 Sou. Rep. 895; Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. Rep. 792..

The first appeal in this case was decided here by an opinion filed on September 27, 1934. At that time all necessary and proper parties to the decree appealed from were before the Supreme Court which acquired jurisdiction over them by virtue of the appeal. This is so because all of such necessary and proper parties were before the Circuit Court at the time the decree first appealed from was rendered. So the effect of the taking of an appeal from the original decree as a step in the final decision of the pending controversy, simply transferred the cause from the Circuit Court to the Supreme Court, bringing up with it all of the parties who had been properly brought within the jurisdiction of

the Circuit Court in the first instance and who remained under the jurisdiction of the Circuit Court at the time its first decree was entered. See: Gover v. Mann, *supra;* Auburn Automobile Co. v. Namor Corp., 106 Fla. 594, 143 Sou. Rep. 604.

It therefore follows that if the appeal decided here on September 27, 1934, was but a step in the final decision of the cause originally instituted in the Circuit Court under the special provisions of the statutes authorizing the bringing and maintenance of same as·a statutory equitable proceeding, all parties who had been brought into Court by actual or constructive service in the Circuit Court and who had become affected by the Circuit Court's decree first appealed from, became bound by the Supreme Court's opinion, decision and mandate on the first appeal when this Court's appellate judgment reversed the original decree of validation, but retained jurisdiction over the subject matter and over the parties to the cause by remanding the reversed cause to the court below with specific directions to do certain things to bring about conformity with the Supreme Court's opinion and thereupon (such things having been done) to enter a new decree validating the issue of bonds whose validity had been initially brought in controversy by the appropriate institution of the statutory bond validation proceeding in the first instance accompanied by the required statutory service of process upon the parties respondent thereto.

So the situation we have presented in this case upon this second appeal is in principle no different from that class of cases repeatedly decided by this Court wherein the Supreme Court, having found reversible error susceptible of rectification without ordering a general and unlimited reversal of the decree or judgment appealed from, thereby reopening the whole proceeding for a new course of litigation upon

remand to the court below, has limited its judgment of reversal to a reversal with general or specific directions to enter a new judgment or decree in the court below upon due compliance with the Supreme Court's opinion, decision and mandate in the premises. For an example compare our recent case of McNally v. State, 112 Fla. 434, 150 Sou. Rep. 751 (first writ of error), with McNally v. State, 117 Fla. 33, 157 Sou. Rep. 430.

The sole issue remaining to be determined in the court below after remand of this cause for further proceedings in conformity with this Court's opinion of September 27, 1934, was whether or not the opinion and mandate of the Supreme Court in the premises has been complied with according to the authority and direction contained in the opinion and mandate. Bloxham v. Florida Cent. & P. R. Co., 39 Fla. 243, 22 Sou. Rep. 697. The original petition for validation, and service of process had thereon, conferred jurisdiction on the Circuit Court not only to decide the case in the first instance but thereafter to carry out any mandate the Supreme Court might send down to it on appeal, in order to arrive at a correct and proper decree. The fact that the first decree was reversed because the refunding bonds as originally proposed to be issued had been found by the Supreme Court to contain features and provisions which the appellate court declared ought to be excised from the proceedings before entry of a validation decree predicated upon the petition for validation and directions contained in the mandate of the appellate court in the premises, did not preclude the Supreme Court from giving directions to the lower court to permit the invalid features to be eliminated and thereupon to enter a validation decree after such elimination had been accomplished.

The law of this case had already been fully decided on the first appeal. Harper Piano Co. v. S. A. L. Ry. Co.,

65 Fla. 490, 62 Sou. Rep. 482. So all that remained for the court below to do after remand of this cause upon the first appeal was to enter upon an inquiry as to whether or not the bonds, together with the proceedings underlying their issuance, had been so amended as to conform to the opinion of the Supreme Court so as to become as ought to be adjudicated to be valid in accordance with the amended and supplementary proceedings such opinion of this Court had expressly allowed to be had. State, *ex rel*. The Dowling Co. v. Parks, 99 Fla. 1264, 128 Sou. Rep. 837.

The following is what the Circuit Judge decided on the foregoing propositions:

"FINDINGS OF FACT.

"*Pleadings*.—This cause was originally instituted by the passage of a resolution on the 7th day of May, 1934, and proceeded, as was thought, according to law to a termination of the suit in the Circuit Court whereupon an appeal was taken and the case then proceeded through to its termination in the Supreme Court of the State of Florida, which Supreme Court entered its final order or mandate reversing the order of the judgment of the Circuit Court in part at least, the reversal not being a complete reversal but a reversal with directions to the Circuit Judge of the Twenty-fourth Judicial Circuit in and for Citrus County, the directions being that upon the filing of certain additional papers and resolutions, to-wit, an amended and supplemental bill and a passage of a resolution by the Board of County Commissioners of Citrus County, Florida, that the Circuit Court would then proceed to judgment if the supplemental and amended bill and the resolution of the Board of County Commissioners were in conformity to the opinion rendered in the instant case by the Supreme Court.

"On the 19th day of October, 1934, a supplemental and amended petition was filed in this cause reciting that on

the said 19th day of October, 1934, that the Board of County Commissioners had met pursuant to call for that purpose for the purpose of passage of a resolution to be in conformity with the opinion of the Supreme Court rendered in this cause. Later various attacks were made by the Interveners upon that supplemental and amended petition not necessary to be mentioned here because they are recited and shown fully in former hearings had in this cause but the result of which was that the petition was held to meet the demands of the Supreme Court, whereupon testimony was taken after notice first having been given to the Interveners by an order of this Court made on the 19th of October, 1934, and an additional notice given or a tenus in court after the various attacks on the pleadings of the petitioners were had and disposed of that testimony would be taken in the cause on Saturday the 27th day of October, 1934, to which notice the interveners, through their counsel, protested as not giving sufficient time.

"*The Facts.*—Upon the taking of testimony in the cause on this 27th day of October, 1934, the petitioners in order to sustain their supplemental and amended petition introduced testimony to-wit: The testimony of the passage of the resolution referred to in the supplemental petition by the Board of County Commissioners at their meeting on the 19th day of October, 1934, which testimony was in the form of the direct testimony of the members of the Board themselves given orally and also by the introduction of the resolution passed, which is marked Exhibit No. 2, and also shown by the minutes of the Board of County Commissioners which were introduced in evidence and allowed to be subtracted therefrom by the substitution of certified copy thereof. The testimony also shows that the meeting of the Board on October 19, 1934, was under a call, in writing, directed to each and every member of the Board of County Commissioners

made by the Chairman of the Board thereof, which call, the evidence shows was actually carried home to each of the members of the Board and served upon them, and that service of such call was accepted in writing, all of which is shown by the introduction of the call for the meeting.

"*Conclusion.*—The Court concludes as a matter of law that the Judge of this Court is directed by the order of the Supreme Court to enter a judgment or decree of validation of the bonds upon the compliance with the provisions of the Supreme Court's opinion in this cause and that in and by that opinion all prior proceedings pertaining to the issue of the bonds, that is, prior proceedings to the rendition of the Supreme Court's opinion except those enumerated therein, have been complied with and are. a settled matter and that the only power of this court at this time is to determine whether or not the supplemental petition and the resolution aforesaid passed by the Board of County Commissioners meets the objections and complies with the command of the mandate of the Supreme Court, and it is the opinion of this Court that the supplemental petition does comply with the demands and requirements of the Supreme Court in its order heretofore referred to and it is the further conclusion of this court that the testimony adduced is conclusive in its proof of the allegations made in the supplemental and amended petition referred to in the Supreme Court's opinion in this cause and this court so finds as a matter of fact that the testimony does support and prove the allegations of the supplemental and amended petition.

"Wherefore it is ordered and directed that a decree of validation of the bonds should and will be entered in this cause in conformity with the conclusion reached by the court just announced.

"Done and ordered in open meeting in the courtroom at

the courthouse at Inverness, Florida, this 27th day of October, A. D. 1934.

"FRED L. STRINGER,
"*Circuit Judge.*"

An examination of the transcript of the record upon the present appeal confirms the correctness of the view expressed by the Chancellor in his findings of law and fact as hereinbefore quoted. Not only are the special findings of law and fact fully supported by the record now before us, but it plainly appears from the record that in deciding the validation controversy herein appealed, the Chancellor could have reached no other decree in view of the previous opinion and judgment of this Court.

What has been held, however, is determinative only of the challenged validity of the issue of refunding bonds as *proposed* bonds. Neither this court, nor the Circuit Court, in adjudicating a bond validation controversy of this kind, does more than render a declaratory judgment against the county and its taxpayers to the effect that the bonds, as proposed, and the underlying proceedings for their issuance in manner and form as proposed, will be valid.

If it be true, as argued by the appellants, that the proposal for issuance of said refunding bonds, in manner and form as proposed and herein held to be valid, is inadvisable, unwise or improvident as a matter of fiscal policy, this Court by its affirmation of the validity of what has been projected by the county authorities, does not command that what is now a mere validated proposal shall ever become a consummated negotiation of such bonds, even though they may have been judicially decreed to be valid should they be issued in manner and form as validated.

It is therefore considered, adjudged and decreed by this Court that the validation decree in manner and form as entered and appealed from, be and the same is hereby af-

firmed, and that mandate in conformity with this judgment do issue within ten days as provided for by Section 5108 C. G. L., 3298 R. G. S., Chapter 11854, Acts of 1927, if no petition for rehearing has been filed within that period.

Affirmed.

TERRELL and BROWN and BUFORD, J. J., concur.