R. E. L. McCASKILL, The R. E. L. McCASKILL COMPANY, McCaskill Investment Company, and Crestview Land Company, v. W. H. GRAHAM.

170 So. 120.
Division B.
Opinion Filed October 12, 1936.

*Wm. W. Flournoy,* for Appellants;

*T. R. James, Wm. McChesney* and *Philip D. Beall,* for Appellee.

BUFORD, J.—This is the second appearance of this case in this Court. The first appeal was filed and recorded in the office of the Clerk of the Circuit Court of Okaloosa County on February 9th, 1935. The transcript of the record and copy of the appeal was lodged in this Court on May 1, 1935. That appeal was dismissed by order of this Court on August 9, 1935. Final decree of foreclosure was entered on the 26th day of December, 1934.

On the 24th day of September, 1935, a notice of appeal was tendered the Clerk of the Circuit Court of Okaloosa County in the following language:

"Come now the defendants, R. E. L. McCaskill, The R. E. L. McCaskill Company, McCaskill Investment Company and the Crestview Land Company, and enter this their joint and several supplemental appeal from all orders and decrees entered in said cause, including the confirmation decree and the order denying the petition for rehearing, making the same returnable to the Supreme Court of Florida, December 17th, 1935.

"The Clerk of this Court is hereby directed to record this appeal in the Chancery Order Book pursuant to law. This the 24th day of September, A. D. 1935."

The record shows that notice was filed and recorded on the 25th day of September, 1935. The notice of appeal was filed after the time had expired to appeal from the final decree or any decrees entered prior to the final decree.

An appeal entered after the time has expired to appeal from a final decree does not bring for review the final decree or any decrees entered prior thereto. Ocean Frontage Co. v. McFadden, 98 Fla. 197, 123 So. 666; Dees v. Cook, 58 Fla. 420, 51 Sou. 138; Eberle v. Wilson, 97 Fla. 384, 120 Sou. 851; Elder v. Hall, 98 Fla. 954, 124 Sou. 466.

The only order or decree shown by the record which was entered within six months of the date of the filing of the notice of appeal was the order confirming the sale which included the denial of deficiency decree, and an order denying rehearing. The order confirming the sale adjudicates that the Special Master "in accordance with the said final decree did offer for sale, after giving notice as therein required, and sell in the manner and at the time in said final decree ordered, the property in said final decree set forth, excepting the following portions thereof, to-wit:

"Beginning at the corner of Block 99, at the intersection of Pearl Street and Cobb Avenue, and then running in a

Southerly direction with the Pearl Street 140 feet to the alley line, thence along the alley line in an Easterly direction 100 Feet, thence in a Northerly direction 140 feet to Cobb Avenue, thence in a Westerly direction along Cobb Avenue 100 feet to point of beginning; also excepting—

"Beginning at the corner of Block 99 at the intersection of Brett Street and Bowers Avenue and run thence in a Southwesterly direction along the line of Bowers Avenue 200 feet, thence in a Northerly direction 140 feet to alley, thence in a Northeasterly direction 200 feet to Brett Street, thence in Southeasterly direction along the line of Brett Street 140 feet to point of beginning; also excepting—

"All of Block 87-A: Lots 1, 2, 3, 4, 5 and 6, in Block 129; also lots 1, 2, 5, and 6 in Block 131; Lots 1, 2, 3, 4, 5, and 6 in Block 130; lots 2, 4, 5 and 6 in Block 92.

"All of the above described property according to the plat or map of the Town of Crestview, Florida, now on file and recorded in the office of the clerk of the Circuit Court of Okaloosa County, Florida;—to the plaintiff, W. H. Graham, for the sum of $500.00, he being the highest and best bidder therefor; and it further appearing that the property so excepted from said sale by said master had been, at the insistence of said defendant, R. E. L. McCaskill, released from the lien of said final decree for the consideration of $200.00; and it further appearing from said report that the attorney of record for the defendants, R. E. L. McCaskill, R. E. L. McCaskill Company, a corporation, and the Crestview Land Company, a corporation, was present at said sale and that the said defendant, R. E. L. McCaskill, was present thereat, and that neither the said attorney for said defendants nor said defendant, R. E. L. McCaskill, made any objection to the said property so excepted being excepted from said sale; and it further ap-

pearing from testimony taken before this court that the said R. E. L. McCaskill had requested and obtained the release of said lands so excepted, and paid the said consideration of $200.00 with the understanding that same was to be applied upon the final decree, but not in a manner to affect or delay the sale; and said R. E. L. McCaskill by his attorney, W. W. Flournoy, objecting to the confirmation of the sale at this hearing because of the exception from the sale of the lands above described, and so excepted; and the same having been duly considered by the court, it is ORDERED:

"(a) That said sale be and the same is hereby in every respect approved and confirmed, and the said special master hereby directed and empowered to execute deed to the said properties so sold as heretofore ordered in the final decree, and that the accounting of the master be and the same is hereby approved and confirmed.

"And said cause coming on for hearing upon the announcement of the plaintiff, with the acquiescence of said attorney for the said R. E. L. McCaskill, The McCaskill Investment Company and R. E. L. McCaskill Company, asking the court to take jurisdiction for the purpose of granting or denying a deficiency decree, and the said parties agreeing thereto and the same having been duly considered by the court and the court having taken jurisdiction thereof, it is ORDERED AND ADJUDGED:

"That the plaintiff do not have and recover any deficiency decree and that the motion and prayer therefor be and the same is hereby denied."

The order denying the rehearing was as follows:

"This cause coming on to be heard upon the petition of R. E. L. McCaskill, The R. E. L. McCaskill Company, a corporation, and McCaskill Investment Company, a corpo-

ration, for rehearing, and the same having been duly considered by the Court, and it appearing to the Court from the evidence taken upon the hearing upon motion for confirmation, that the property excepted by the Special Master, at the sale, and described in the order confirming the sale by said Special Master, as excepted, was released from the lien of the final decree, at the instance and for the benefit of R. E. L. McCaskill, and that the attorney of record for each of the above named petitioners, as well as the defendant R. E. L. McCaskill, were present at the sale, and made no objection to said sale; and the same having been duly considered by the Court it is

"ORDERED, ADJUDGED AND DECREED that the said motion for rehearing be and the same is hereby denied."

Because of the fact that the final decree of foreclosure had become absolute when the appeal now before us was taken, there are many questions attempted to be presented which we can not consider. The decree of foreclosure having become absolute, there is no showing here that the decree of confirmation of the order denying motion for rehearing constituted error.

It follows that the orders appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.