**MIAMI BANK & TRUST CO. v. THE RADEMACHER CO., a Florida corporation.**

5 So. (2nd) 63                                        Division A
December 12, 1941

Roscoe C. Evans, for appellant;
Leo Rosen and Louis Schwarzkoff, for appellee.

PER CURIAM:

Transcript of record was filed here on August 20, 1941 and the return day named in notice of appeal was the 28th day of August, 1941. On September 9, 1941 appellee filed here its motion to dismiss appeal because of lack of proper and necessary parties. On September 20, 1941 we entered order as follows:

"Upon consideration of the motion of counsel for appellees to dismiss the appeal in this cause for want of necessary parties, it is ordered that action on said motion be continued until the final hearing of said cause on its merits."

The cause is now presented for final disposition.

On August 22, 1940, appellee filed his bill against appellant, City National Bank, City of Miami, B. Wall and others to foreclose a lien evidenced by a tax sale certificate on the particular property involved. Foreclosure was also sought against numerous other defendants on numerous other pieces of property. After the filing of appellant's answer and a master's report, with appellant's exceptions thereto and order overruling same, a final decree was entered on March 5th,

1941, finding for appellee's lien and also finding that defendants City National Bank, City of Miami and B. Wall had liens of equal dignity with that of appellee. Notice of appeal was filed by appellant on July 18, 1941 by appellant alone, naming appellee only as appellee, after a decree confirming the sale of the property involved (Lots 8 and 9 Block 7, El Dorado Heights) had been entered on April 25, 1941. Appellee then filed his motion to dismiss appeal in this Court on the grounds considered below, and Appellee answered same and moved for summons and severance and for an order to allow amendment of appeal. This memorandum is on these motions, without consideration of the merits.

The first ground of Appelee's motion to dismiss is that the property involved was sold under the final decree to the Office Realty Company, and that this sale was confirmed, but that this purchaser was not made a party to this appeal, although a necessary party.

This is a good ground. Where appeal is taken after confirmation of master's sale, purchaser is a necessary party. Platt v. City of Punta Gorda, 98 Fla. 1242, 125 Sou. 381. The appeal was so taken here and the purchaser is not a party.

The second ground is that the defendants below, City National Bank, City of Miami and B. Wall are necessary parties to this appeal but are not parties to it.

Ths is a good ground. The defendants named were decreed by the court to have liens of equal dignity with that of appellee. An affirmance, reversal or modification of that decree would certainly affect their interests so that they are necessary parties.

Gardner v. Northern Inv. Corp., et al., 117 Fla. 291, 157 Sou. 665, is four square with this case in holding that the City of Orlando in an identical situation was a necessary party. The notice of appeal, under the rule of Gover v. Mann, 114 Fla. 128, 153 Sou. 895, and Rabinowitz v. Houk, 100 Fla. 44, 129 Sou. 501, was insufficient notice to City National Bank, City of Miami and B. Wall so as to make them parties to this appeal and give the court jurisdiction over them in this appeal.

But appellant requests the Court, in the event the first two grounds of the motion to dismiss appeal be held valid, that a summons and severance issue to the necessary parties not properly joined; and, failing in this, then that appellant be allowed to amend his appeal so as to make these parties to the appeal.

To grant either of these requests would be improper for the final decree was entered on March 5, 1941, more than six months prior to appellant's motion, and this Court no longer has appellate jurisdiction in the cause, unless such jurisdiction has been properly invoked before the passage of the six-month period. Since the only notice of appeal filed within the time limit did not include numerous necessary and indispensable parties, such jurisdiction has not been properly invoked.

However, appellant contends that since the decree confirming sale was entered on April 25, 1941, the six month period has not run as to *that* decree. This is true, but an appeal taken after expiration of the time limit on the final decree but before period has run on the decree confirming the sale under that final decree, will not bring up for review the final decree. McCaskill v. Graham, 125 Fla. 418, 170 Sou. 120; Hemp-

hill v. Welles, 101 Fla. 1088, 132 Sou. 829. Appellant here has assigned no errors to, nor challenged the validity of, the subsequent decree confirming sale in and of itself, so that it would seem pointless to consider that decree even though the time for an appeal from it has not elapsed.

The appeal should, therefore, be dismissed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.