STATE OF FLORIDA AND THE TAXPAYERS, PROPERTY OWNERS AND CITIZENS OF SAID CITY OF MIAMI, INCLUDING NON-RESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, v. THE CITY OF MIAMI, a Municipal Corporation.

26 So. (2nd) 903

July 16, 1946

June Term, 1946

En Banc

*Glenn C. Mincer* and *S. O. Carson*, for appellants.

*J. W. Watson, Jr., Sidney S. Hoehl* and *Misslich & Mitchell* (New York, N. Y.) for appellee.

BUFORD, J.:

Appeal brings for review final decree validating an issue of sidewalk bonds of the City of Miami, Florida, in the principal amount of $6,846,000.00.

There is no question as to the propriety of the procedure pursued by the issuing authority, nor that the bonds were authorized by a sufficient vote of the qualified electors.

The appellant presents two questions which are stated as follows:

"1. Is the City of Miami authorized by law to hold an election on the question of issuing sidewalk bonds?

"2. Will the proposed issue of sidewalk bonds, together with the debt of the City of Miami at the time outstanding

exceed the limitation on indebtedness of fifteen percentum (15%) of the assessed valuation of all real and personal property within the City limits as shown by the last preceding assessment roll of the City, in violation of Section 58 of the City Charter?"

In presenting the first question it is contended that because Paragraph U of Sec. 56 of the Charter of the City of Miami, Chapter 10847 Special Acts of 1925, is as follows:

"It shall not be necessary to submit to the voters the proposition of issuing any such bonds or making any such improvements or special assessments, or any other matter or thing herein authorized, and the initiative and referendum provisions of the Charter shall not be applicable; all proceedings of the Commission herein provided for may be taken by resolution, which resolution shall be in force from and after its passage."

No authority exists to issue bonds of this character.

The contention is untenable.

The provision above quoted simply provided that no election should be necessary to authorize the issuance of bonds. Such provision became inoperative and void with the adoption of the Amended Section 6 of Article IX of our Constitution. When this amendment was adopted the authority remained in the City to issue bonds such as these but only in pursuance to the provisions of such amended Section 6 of Article IX. See Spearman Brewing Co. v. City of Pensacola, 136 Fla. 869, 187 So. 365; State v. Calhoun County, 125 Fla. 263, 169 So. 637.

The basis for the second question is that the total assessed valuation of the property within the Municipality is $271,000,000.00 of which property exempt as homestead is $80,000.000.00 and there is $672,182.00 balance in the sinking fund and an outstanding indebtedness of $23,850,000.00 in refunding bonds the tax to pay which is assessable against homesteads as well as other property, and there is $535,507.00 of other indebtedness.

The proposition posed is that when $6,846,000.00 is added to the present outstanding indebtedness the indebtedness will exceed 15% of the total taxable assessed valuation. This is

not the case. A proper computation and statement of the matter is:

"Assessed valuation of all real and personal
    property, less homesteads ........................ $191,000,000
    15% of such amount ................................... 28,650,000
    Refunding Bonds outstanding ........$23,850,000
    Less 29.52% assessed against home-
      steads ............................................. 7,040,520

                                     16,809,480
    Less Balance in Sinking Fund ......... 672,182

                                     16,137,298
    Plus other indebtedness ..................... 535,507

Total existing indebtedness
    to be considered ................................................ 16,672,805
Additional indebtedness permitted ...................... 11,977,195".

So it is that the debt limit will exceed the total indebtedness by more than $5,000,000.00.

No error appearing, the decree is affirmed.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.