Action by the City of Miami against the State of Florida and others to validate an issue of sidewalk bonds. From decree of validation, the State appeals.
Affirmed.
Pursuant to Section 6, Article IX of the Constitution, F.S.A., and the applicable provisions of its City Charter, Chapter 10847, Special Acts of 1925, the City of Miami enacted Ordinances 3054 and 3055, the purpose of which was to issue $6,846,000 bonds of the City to improve certain of its sidewalks. The issuance of said bonds was approved by the requisite vote of the freeholders in a special bond election held April 16, 1946.
May 3, 1946, the City Commission adopted Resolution 19401, providing that said bonds be issued in denominations of $1,000 each, bearing 4 per cent interest per annum. to be dated July 1, 1946, maturing annually in numerical order, $56,000 on July 1, 1948, $1,300,000 on July 1, 1949, and $610,000 on July 1, in each year 1950 to 1958 inclusive. The said bonds were, on June 4, 1946, validated by decree of the Circuit Court of Dade County and that decree was affirmed by this Court in State v. City of Miami,157 Fla. 747, 26 So.2d 903.
For reasons not necessary to discuss, the bonds were not issued, but on June 1, 1949, the City Commission adopted Resolution 21479, rescinding Resolution 19401, previously adopted, and providing that in lieu thereof, bonds should be issued in five separate series in the aggregate amount of $6,846,000. These bonds were to be dated and sold as provided by Resolution of the City Commission and to become due and payable as per dates fixed by schedule defined in the Resolution. We have examined this schedule and find it to be in compliance with law.
On June 6, 1949, the City of Miami filed its petition to validate said bonds, alleging the facts detailed, and others. An answer *Page 889 
was filed, challenging the authority of the City to issue said bonds because it is alleged they were materially different in form and substance from those proposed to be issued by Resolution 19401, first adopted. The jurisdiction of the Court to validate these bonds was also challenged, the basis of the challenge being, that the maturity dates and the date of execution had not been determined. Evidence was taken on the issues made and at final hearing, a decree validating the bonds as proposed in Resolution 21479, was issued. This appeal is from the validating decree.
The first question presented is whether or not the City of Miami was authorized to issue the bonds in the manner and form provided by Resolution 21479.
The gist of appellant's contention on this point is that the bonds to be issued under Resolution 21479, were to be in five series, each dated at such time in the future as the City Commission should determine and each to mature from two to twelve years after date. The contention is that such bonds are different from those that the voters had in mind when they voted in the election April 16, 1946 to approve the issuance of bonds for street improvement. The reason being that the bonds they approved were to mature "annually, $56,000 on July 1, 1948, $1,300,000, on July 1, 1949, and $610,000 on July 1, in each of the years 1950 to 1958 inclusive."
We do not think there is any merit to this contention. The Charter of the City authorized the issuance of the bonds. The freeholders approved the amount and purpose of the bonds, which were the same in both issues. Other requirements, such as denomination, maturities and series, are matters that may be imposed in the discretion of the issuing authority, so long as constitutional and statutory limitations are not transgressed. All the maturities here were within the time prescribed by the constitution. The fact that the bonds as issued were in five series instead of one, and that they were to mature from two to twelve years after date, as fixed by the Commission, is not material.
The evidence showed, and the chancellor found, that because of unsettled conditions in the cost of labor and material, it was not feasible to construct the sidewalks immediately after the bond election and approval of their issue. At the time Resolution 21479 was adopted, the City Commission found that these conditions had improved and that the street improvements could be made at the cost originally estimated. It also found that it would be profitable to make the street improvement along with the construction of sewers and sewer laterals. These considerations precipitated the second attempt to issue the bonds.
It is next contended that the Circuit Court was without jurisdiction to validate the proposed bonds, because neither dates nor maturities had been determined.
Chapter 75, Florida Statutes 1941, as amended by Chapter 22623, Acts of 1945, F.S.A. § 75.01 et seq., defines the procedure for validating bonds of this character. The requisites of the petition to validate are the Ordinance of the City providing for them, Resolution or other proceeding authorizing the issue of the bonds, and all essential proceedings taken in connection therewith prior to filing the petition. It is common knowledge that bonds are sometimes validated before they are sold or before provisions for redemption are determined. Hence these dates have nothing to do with the jurisdiction of the Court to validate.
It is therefore our view that the Circuit Court had jurisdiction to validate the bonds, that the City had power to issue them, as provided by Resolution 21479, that they were regularly issued, so the decree appealed from is affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.
SEBRING, J., dissents.
BARNS and THOMAS, JJ., not participating. *Page 890