TERRELL, Chief Justice.
This appeal is from a final decree validating Special Obligation Capital Improvement Bonds of the City of Tampa which will hereinafter be referred to as improvement bonds. It is first contended that the City is devoid of power to issue the proposed improvement bonds payable from the proceeds of its utilities service tax and second that even though the City had such power, it does not appear that the requirements of Chapter 75, Florida Statutes, F.S.A., the validating law, have been complied with.
The first contention is negatived by Sections 159.02, 159.03, 167.01, 167.21, 169.02, 169.04, 170.01, 180.06, 183.03 and 184.03 Florida Statutes, F.S.A. See also Chapter 21593, Special Acts of 1941; Chapter 23564, Special Acts of 1945, and Chapter 24931, Special Acts of 1947. These provisions of the law were construed in State v. Miami Shores Village, Fla., 60 So.2d 541; State v. City of Miami, Fla., 76 So.2d 294; Welker v. State, Fla., 93 So.2d 591, and Panama City v. State, Fla., 93 So.2d 608, 609, wherein the contention of appellant was refuted and under similar charter provisions as those involved here, the court found that ample power existed to issue the bonds involved.
In this connection, it is not amiss to point out that Section 208, Ordinance 2166-A of the City of Tampa, provides that improvement bonds may be issued payable solely from the utilities service tax imposed by the City as authorized by said section from time to time to provide funds for paying all or any part of the cost of capital improvements which are defined by Section 101 of Ordinance 2166-A as “any facility or facilities, structure or structures, lands, *410 interests in land, rights, rights-of-way, property or equipment, or any combination thereof, for which the City may raise or appropriate money.” A list of “capital improvements” contemplated by said ordinance is listed in Section 208 thereof and is contained in Sections 1 and 2, Chapter 9095, Special Acts of 1921, now Sections 74 and 75, Revised Charter of the City adopted by the qualified electors of the City December 6, 1927, and it is not suggested that any of the improvements proposed are not embraced within those named in the City Charter. It is accordingly our view that the City had ample power to issue the improvement bonds.
Under the authority of Chapter 22829, Acts 1945, Section 167.431, Florida Statutes, F.S.A., the City of Tampa by its Board of Representatives adopted Ordinance No. 1017-A imposing a utilities service tax on every purchase of electricity, metered or bottled gas (natural, liquefied petroleum gas or manufactured), water service and local telephone service within the corporate limits of the City, which as amended and supplemented (Sections 35-11 to 35-20.1, inclusive, of the City of Tampa Code), is in force and effect and is the law imposing the tax on which the improvement bonds will be serviced. They cannot be serviced from any other source as by their face and the resolution authorizing them provide.
In answer to the second question, it is sufficient to say that in Sections 75.03 and 75.04, Florida Statutes, F.S.A., the requirements a validation petition must contain to equip it as such, are detailed. Florida’s validating statute was first embraced in Chapter 6237, Acts of 1911, later amended by Chapter 6868, Acts of 1915. Section 2 of the latter act specifies the factual matters that must be recited in the petition. The act of 1941, Chapter 21593, modifies these requirements slightly but such modifications are not material here.
 We have examined the resolution and other proceedings being a part of the validation procedure and we think they meet every requirement of the law, the purpose of which is to determine the authority of the municipality or other entity to issue the bonds or incur the proposed debt and we think all proceedings shown were ample to authorize the validation of the bonds. State v. City of Miami, 116 Fla. 517, 157 So. 13; State v. Citrus County, 117 Fla. 792, 158 So. 705; State v. City of Miami, Fla., 41 So.2d 888; State v. State Board of Education, Fla., 67 So.2d 627; Pirman v. Florida State Improvement Commission, Fla., 78 So.2d 718.
Affirmed.
HOBSON, THORNAL and O’CON-NELL, JJ., concur.