## CHOQUETTE, et al v. BROWARD COUNTY BOARD OF ADJUSTMENT, et al.

No. 68-386.

Circuit Court, Broward County.

April 4, 1969.

James A. Weck of Weck & Stone, Pompano Beach, for the petitioners.

Betty Lynn Lee, Assistant County Attorney, for the respondent Board of Adjustment.

Frank C. Tolar of Tolar, Tolar & Adler, Fort Lauderdale, for the respondent Jess Yoho.

STEPHEN R. BOOHER, Circuit Judge.

On January 22, 1968 petitioners filed a petition for a writ of certiorari "under provisions of §120.31, Florida Statutes, Rule 1.640 and chapter 59-1158, Laws of Florida", seeking review of an order of the Broward County Board of Adjustment ("the board" hereafter) and naming the board as the sole respondent.

Pursuant to a stipulation by the parties the court on February 15, 1968 entered an order staying the proceeding, reciting that case no. 1925 was pending in the Fourth District Court of Appeal between the same parties and embracing the same subject matter.

On September 24, 1968 the board filed two motions, one a motion to set aside the order staying the proceeding in which it was stated that the court of appeal had dismissed the petition in case no. 1925, the other a motion to dismiss, stating that Jess Yoho, to whom the variance complained of was granted by the board, was a necessary and essential party to this cause.

On October 29, 1968 the court entered an order setting aside the February order staying the proceeding, and granted the board's motion to dismiss for failure to join an indispensable party, without prejudice to the right of the petitioners to file an amended petition joining Jess Yoho as a respondent within 20 days. On November 13, 1968 the petitioners filed an amended petition naming Yoho as an additional respondent. On November 22, 1968 Yoho filed a motion to dismiss, reciting as grounds the petitioners' failure to comply with the requirements of Rule 1.640, that the provisions of §120.31 of the statutes did not apply, and the circumstance that the petitioners had not joined him, an indispensable party, until 328 days after the granting of the variance.

The respondent board was established under provisions of §8, chapter 30613, Laws of Florida 1955, entitled Senate Bill No. 413, an Act relating to Broward County. Subparagraph (3) of §8 contains the following —

> "Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer of such county may, within thirty days after the filing of any decision in the office of the board of adjustment, but not thereafter, apply to the courts for relief,"

which is the only provision in the law dealing with appeals from the board's decisions.

In Board of Public Instruction of Duval County v. Sack, 212 So.2d 819, the First District Court of Appeal held that —

> "If the final quasi-judicial administrative order is rendered by an administrative agency of last resort which is a county, municipal or other administrative agency, and not a state agency, then review of same may be sought by petition for common law certiorari to the appropriate circuit court pursuant to Subsection (3), Section 6, Article V, Constitution of the State of Florida."

Rule 1.640 of the Rules of Civil Procedure directs that —

> "(a) An application for a writ of certiorari to the circuit court shall be made by petition filed *within sixty days*

from the date of the proceeding, order, judgment or decree sought to be reviewed. It shall be accompanied by either the original record or a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential . . . and shall be accompanied by a supporting brief." (Italics added.)

The respondent Yoho was not made a respondent in this proceeding until 328 days after the granting of the variance complained of by the petitioners and, therefore, it is not necessary for the court to rule as to whether the thirty day provision of §8 of chapter 30613, Laws of Florida 1955, or the sixty day provision of Rule 1.640 controls, the petitioners having failed to comply with either of them as to Yoho.

The first question which must be resolved is whether or not Yoho is a necessary and indispensable party to this cause. The court by its order of October 29, 1968, answered this question in the affirmative. In 58 Am. Jur., *Zoning* §253, page 1073, is found the following — "In an appeal by other property owners from the decision of a board of zoning appeals granting a variance to permit a nonconforming use of the premises, the applicant for the variation is a necessary and indispensable party."

In Headley v. Lasseter, 147 So.2d 154 (1962), the court stated, in part, as follows —

The fact that the city's position was upheld by the judgment on certiorari is not a sufficient answer to the contention that the city was an interested party without whose joinder an effectual judgment could not be made. This is so because the appeal seeks reversal of the circuit court judgment, which if granted would constitute a determination adverse to the city's right in the matter without it having been a party, here or in the court below.

In a proceeding to review a decision or order of an administrative agency, *the question of who may or must be joined as parties, is in the absence of statutory provision as to parties, governed by the rules applicable to parties in civil actions generally.* 73 C.J.S. Public Administrative Bodies & Procedure §178, p. 523. Cf. Dade County News Dealers Supply Co. v. Florida R.R. & Public Utilities Commission. Fla., 1950, 48 So.2d 89. (Italics added.) * * *

Thus, when a proceeding is filed in court to review the decision of an administrative board which ruled on the propriety of an administrative decision by a city, the city or its official who was involved is a necessary if not indispensable party to such court proceeding. See Johnson v. Kirkland, 5 Cir., 1961, 290 F. 2d 440; Boyd & Usher Transport v. Southern Tank Lines, Inc., Ky. 1959, 320 S.W. 2d 120; Borough of Hasbrouk Heights v. Division of Tax Appeals, 48 N.J. Super. 328, 137

A.2d 585; Plummer v. Johnson, 61 N.M. 423, 301 P.2d 529; 73 C.J.S. Public Administrative Bodies and Procedure §178; 42 Am Jur. Public Administrative Law Section 239.

Appellant Dade County urges reversal for the reason above stated. Appellant Marks Brothers and the appellee suggest we disregard the failure to join the city in the circuit court and other claimed errors which they classify as "technicalities", and render a decision on the merits. This we cannot do for the reason that the ground on which we must reverse is that failure to join the city prevented a complete judgment from being rendered. * * *

For the reasons stated, the judgment appealed from is reversed, and the cause remanded with directions to the circuit court to deny certiorari and dismiss the petition.

Having disposed of this question, the court next considers the effect which petitioners' failure to join an indispensable and necessary party to this cause within the time provided by law and the rules of civil procedure has upon their right to further prosecute their appeal.

The answer to this question was set forth forceably by our Supreme Court in Cornell v. Franklin, 40 Fla. 149, 23 So. 589 (1898) —

If one against whom a judgment has been rendered jointly with another is not joined as a party plaintiff in a writ of error sued out from such judgment by his co-defendant until after the expiration of the time limited for suing out writs of error, the amended writ of error, bringing him in as a party plaintiff in error, is, as to him, an entirely new writ, issued then, so far as he is concerned, for the first time, and as to him is a writ of error issued after the lapse of the time in which the law permits him to sue it out. In the case of Smetters v. Rainey, 14 Ohio St. 287, it is held that all the defendants in a joint judgment are necessary parties to an appellate proceeding seeking its reversal, and that, if all such defendants are not made parties to such appellate proceeding within the time limited by law for instituting such appellate proceeding, the revising court has no such jurisdiction over the subject-matter as will authorize it to reverse or modify any part of such judgment. It was further held in the same case that any such joint judgment debtor who is not made a party to the appellate proceeding instituted by his co-debtor until after the statutory bar may, upon being brought in, plead such statutory bar, and such plea will oust the jurisdiction of the revising court to reverse or modify any part of the judgment. To the same effect are the cases of Curten v. Atkinson, 29 Neb. 612, 46 N.W. 91; Hendrickson v. Sullivan, 28 Neb. 790, 44 N.W. 1135; Burke v. Taylor, 45 Ohio St. 444, 15 N.E. 471; Holloran v. Railway Co., 129 Ind. 274, 28 N.E. 549. While we are not called upon at this time to agree or disagree with the idea held out in these cases, that the failure to make necessary parties plaintiff in error within the time limited for suing out writs of error

presents, accurately speaking, a question of jurisdiction in this court to hear or determine the cause under any circumstance, yet we feel that *the courts cannot override or ignore the limitations placed by law upon the institution of all classes of legal proceedings, but must recognize such bar, and apply it whenever clearly presented and insisted upon.* When a judgment is rendered jointly against two, an appellate court cannot properly deal with it for review with only one of the parties before it who are jointly bound by it, for the reason that it would be passing upon and adjudicating the right of such absent party without giving him his day in court, and this the courts uniformly refuse to do. *If the statute has run against such absent party, so that the appellate proceeding as to him is barred, the court cannot override such bar by forcing him in as a party, when such bar is claimed and urged.* As before seen, this court has an undoubted discretionary power to permit appeals and writs of error to be amended by bringing in omitted parties; but, for the reasons stated, *it will not hereafter exercise such discretion in favor of such amendments when it appears that the time limited by law for taking appeals or suing out writs of error has expired as to the parties sought to be brought in by such amendment.* (Italics added.)

The same conclusions of law were followed in — State v. Canfield, 40 Fla. 36, 23 So. 591 (1898); Love v. Delaney, 54 Fla. 480, 44 So. 710 (1907); Buck v. All Parties, 86 Fla. 86, 97 So. 313 (1923); Brooks v. Miami Bank & Trust Company, 115 Fla. 141, 155 So. 157 (1934); Gardner v. Northern Inv. Corporation, 117 Fla. 291, 157 So. 665 (1934); Miami Bank & Trust Co. v. Rademacher Co., 149 Fla. 24, 5 So.2d 63 (1941); and others.

Even though most of the foregoing cases do not deal directly with certiorari they all follow the principle that time requirements set forth in the rules of civil procedure and our statutes must be complied with and that failure to do so is incurably fatal. To hold otherwise would do havoc to our rules of procedure and the systematic prosecution of our grievances. There must be rules, and, if rules are to have effect, they must be enforced and followed.

The court, in the absence of applicable statutory law or ruling case law to the contrary, must come to the conclusion that a proceeding to review a decision or order of an administrative agency is governed by the rules applicable to parties in civil actions generally. There are no exceptions in our statutory law that direct or imply that an appeal taken by means of certiorari is to be treated otherwise.

The court in arriving at this conclusion has considered Weber v. Zoning Board of Appeals, Fla. App. 1968, 206 So.2d 258. In that case, the court of appeal found that the city of West Palm Beach was *not* a necessary party in certiorari proceedings contesting the granting of a zoning variance, and, consequently, the failure to

join the city within the time provided by law was not a fatal defect, as the lower court had ruled. The decision clearly implies that the order denying certiorari would have been affirmed if the city were a necessary party, as Judge Cross' dissent suggested. In the case sub judice, a necessary party was not joined within the time provided by law, and it would appear, following the reasoning of the Weber case, that certiorari must be denied for that reason.

In summary, an appeal was filed by means of a petition for writ of certiorari from a decision of the board rendered on December 22, 1967, granting a variance to the respondent, Yoho. Yoho was not made a respondent until 328 days after the decision which the petitioners seek to review; therefore, because the time for filing certiorari against Yoho had long since expired, the same is incurably defective and this court does not have appellate jurisdiction in this cause.

It is therefore ordered and adjudged that respondent Jess Yoho's motion to dismiss filed November 22, 1968 is granted and the petition for writ of certiorari filed January 22, 1968, and the amended petition for writ of certiorari filed on November 13, 1968, be and the same are dismissed with prejudice.