## JOHN P. FREESE v. JAMES RUSK et al.

1. PUBLIC LANDS — *Cancellation of Entry* — *Conclusiveness of Mortgage.* The power to correct a mistake or to cancel an unlawful entry of Osage Indian trust and diminished reserve land continues in the executive officers of the United States land department until the legal title passes from the United States, and their decisions upon all questions of fact are conclusive upon the parties and binding upon the courts, unless they are vitiated by fraud and imposition.

2. ———— *Invalid Mortgage.* Where the commissioner of the general land office cancels such an entry before the issuance of a patent, upon proof tending to show that the claimant did not have the qualification of a preëmptor and was not an actual settler upon the land at the time of the entry, and there is no appeal from his decision thereon, it will be treated as final and conclusive, and a mortgage executed by a grantee of the one who made such unlawful entry before the cancellation was made, and while the title was in the United States, is invalid.

### *Error from Kingman District Court.*

ACTION by *Freese* against *Rusk* and two others to foreclose a mortgage. Judgment was rendered for the defendants, and plaintiff comes to this court. The opinion states the facts.

*James Lawrence,* for plaintiff in error.

*C. W. Fairchild,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to foreclose a mortgage on a tract of real estate in Kingman county that had been given to secure a loan of money. The land in question was a portion of the Osage Indian trust and diminished reserve, and on July 10, 1882, Sarah Alverson, claiming the right of preëmption, made a cash entry of the same at the local United States land office at Wichita. On July 20, 1882, she conveyed the land by deed of general warranty to H. L. Nye, who later conveyed the same to the parties who executed the mortgage in question. James E. Coffman, who was made a defendant, questioned the validity of the mortgage, and alleged that those who executed it had no title to the land. He alleged, and offered proof to show, that on August 20, 1884, he initiated a contest of the entry made by Sarah Alverson, upon the ground that Sarah Alverson was known as Phamelia S. Coovey, and under that name had made a prior filing upon other land in that vicinity; that she had not resided on the land, but that it was used as a sheep range by H. L. Nye,

to whom it was subsequently conveyed. Upon the contest, there was testimony tending to show that she was not an actual settler upon the land, but was only taking the steps necessary to prove it up for Nye, to whom it was conveyed as soon as the entry was complete. After some delay, and on April 28, 1887, the entry of Sarah Alverson was canceled, and no appeal was taken from the decision. Coffman was then permitted to enter the land, and he was in possession of the property until the commencement of this action.

It appears that on July 11, 1885, Nye, who was the grantee of Sarah Alverson, conveyed the land to James A. Rusk, who, in April, 1886, mortgaged the same to the plaintiff in error. As will be seen, the mortgage was executed after a final receipt had been secured by Sarah Alverson, but before the patent was issued, and also that it was executed after a contest had been initiated by Coffman, and while it was pending. The trial court held that, the entry of Sarah Alverson having been canceled and set aside, the mortgage executed by her grantee was invalid. There was a further finding that Coffman was the owner of the land, and a decree was entered canceling the plaintiff's mortgage, and removing the cloud from the title. As against this ruling, it is contended that the action of the land commissioner in canceling the Alverson entry was without authority, and that the validity of his action may be litigated in a court of justice. It is within the power of the executive officers of the United States land department to cancel such an entry before the patent issues thereon, and the mortgagee of the entry man, after a final receipt is given and before the patent issues, takes his mortgage subject to the supervisory power of the land officers. (*Swigart v. Walker*, 49 Kas. 100; *Fernald v. Winch*, 50 id. 79.) The power to correct a mistake or to cancel an unlawful entry continues in these officers until the legal title passes from the United States. In determining such questions, the land officers are invested with authority to ascertain the facts upon which the rights of the claimants depend, and their decision upon all questions of fact is conclusive upon the

parties and binding upon the courts, unless it is vitiated by fraud and imposition.   Upon the facts presented to the commissioner, that officer was justified in holding that the entry of Sarah Alverson was not made in good faith, but was for the use and benefit of another.   There is some testimony tending to show that she did not have the qualification of a preëmptor, and that she was not an actual settler upon the land at the time of the entry.   It is not for us to determine whether the land officer made a mistake upon the facts, or drew a wrong conclusion from the testimony.   There was testimony tending to show that the entry was unlawful, and there being no appeal from the decision of the commissioner thereon, it must be treated as final and conclusive.   (*Freese v. Scouten*, 53 Kas. 347; *Kohn v. Barr*, 52 id. 269.)   It does not appear that there was any collusion between Coffman and Alverson, nor that any fraud was practiced by Coffman as against the mortgage company.   The mortgage being found to be void, no other substantial question remains for consideration.   The judgment of the district court will be affirmed.

All the Justices concurring.