[No. 4493.]

The Mineral Farm Mining Company v. Barrick ET AL.

1. **Public Lands—Canceling Mining Claim Entry—Notice.**

The question of whether notice of defects in the proofs of a mining claim location and of the holding of the same for cancellation was given by the land department and received by the claimant, is one of fact and not of law, and, in the absence of fraud, the courts are concluded by the finding of the commissioner of the land office upon that question.

2. **Same—Evidence—Jurisdiction.**

Even if it were competent for the supreme court to review the decision of the commissioner of the general land office upon the question of whether or not notice was given by the department and received by the claimant of the holding for cancellation of a mining claim location, such decision will not be reviewed if

some of the evidence upon which the commissioner acted in making his decision, is absent from the record.

**3. Notice—Questions of Law and Fact.**

Whether or not a paper, purporting to be notice, which has been received, constitutes due notice, may be a question of law, but it is a question of fact whether a notice, concededly regular and sufficient, has or has not been given or received.

**4. Mining Claims—Cancellation of Entry—Jurisdiction—Filing of Adverse.**

The commissioner of the general land office or the secretary of the interior may, of his own motion, upon due notice, cancel the entry of a mining claim location for defect in the proofs, although no adverse claim be filed.

*Appeal from the District Court of San Miguel County:*

*Hon. Theron Stevens, Judge.*

Messrs. STORY & STORY, for appellant.

Mr. L. C. KINIKIN, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action in support of an adverse claim. The property in dispute consists of two lode mines which appellant and plaintiff company claims under the names of The Snowdrop and John Borland, and appellees and defendants, as the Gertrude and Modena lodes. The plaintiff holds final receiver's receipts, and defendants base their title upon valid locations made after the entries, under which plaintiff's grantor obtained receiver's receipts, had been duly canceled by the interior department; which locations were followed up by full compliance with the state and federal statutes relating to the acquisition of mineral lands.

Briefly stated, the facts are that the plaintiff's grantor, a corporation, by its letter of attorney, appointed W. H. Echols, Jr., as attorney in fact to

secure a patent for its mining claims, and this power of attorney remains unrevoked at the present time. On January 26, 1885, upon the production of proof before the local land office at Durango, Colorado, which was satisfactory to the register and receiver, and the payment of the statutory purchase price, the final duplicate receiver's receipts were issued to the claimant.

This decision of the register and receiver was communicated, and the files and records, on which the same was based, were transmitted, to the commissioner of the general land office in Washington, in accordance with the established practice. On December 16, 1886, the commissioner, in examining the records, discovered that there were certain defects in the proof, and wrote to the local land office specifying what these defects were, and requiring notice to be given to the claimant to supply the omissions. Such notices were sent by registered mail to the attorney in fact of the claimant, but the proofs were never supplied. Because of such failure, on July 25, 1890, the commissioner held the entries for cancellation, notice of which was sent to, and received by, Echols, and no response having been made thereto, the commissioner, in accordance with the rules of the department, on the 14th of November, 1890, finally canceled the entries. After that time, the defendants and appellees here acquired whatever rights they have to the ground in controversy. If their locations were made on unappropriated public domain, they are entitled to a recovery, for plaintiff did not enter upon the claims, or resume work, before the defendants' rights intervened.

It will be observed from the foregoing recital of facts, as found by the commissioner, that the vital and only important question in the case is whether or not that officer had jurisdiction to cancel the

entries. If he had, the defendants are entitled to the judgment which the district court rendered in their favor. If he had not, the judgment was wrong, and should be reversed.

The plaintiff concedes that the commissioner had jurisdiction to cancel these entries, for a failure of the proof to show a compliance by the claimant with the provisions of the mining laws, or the rules and regulations of the interior department pertaining to the disposition of public lands, *provided* notice was given to the claimant and an opportunity to be heard afforded. Its contentions here are, first, that notice was not given; and, second, as a matter of law, its grantor made a full compliance with the mining laws and the rules and regulations of the interior department, before the receiver's receipts were issued, and, therefore, it was beyond the power of the commissioner to cancel the entries for any cause whatever.

The question as to whether or not notice was given by the department, or received by the claimant, is one of fact, and not of law. The rule is that the decision of the proper officers of the interior department in matters within its jurisdiction upon questions of fact, is conclusive upon the courts in the absence of fraud, perjury, or some such vice. If so, no such fraud being claimed, we are estopped to review the findings of fact made by the commissioner in this case. But the plaintiff argues that the department holding that Echols, plaintiff's attorney in fact, was given notice, is the result of a misapplication or misconstruction of the law. The argument is based upon the fact that the defendants, at the trial below, produced certain records of the department and a number of letters that passed between the commissioner and the local officers, and that therefrom it affirmatively appears that notice of the proposed canceling of its entries was never received by the claim-

ant. Its finding, therefore, that notice was given, is the result of a misconstruction of the law applicable to the facts. This reasoning may be ingenious, but it is not sound. The records and letters do not so show, but if we believed they did we could not substitute our judgment for that of the commissioner. Furthermore, it was not necessary for defendants to introduce the files and records or the evidence that was before the commissioner relating to these entries in order to sustain their defense that the entries had been duly canceled. The plaintiff itself, as it must, concedes that the same presumption of regularity attends the decision of the land department, on matters within its jurisdiction, that belongs to judgments of courts of record in matters within their jurisdiction. The defendants might well have stopped when they introduced the orders of cancellation. It was then incumbent upon plaintiff, who questioned their validity, to show the facts upon which their contention was founded. Since it appears from the letters that passed between the officers of the department that there were other pieces of evidence before the commissioner when he made the orders of cancellation that are not in the record before us, even if it were competent for this court to review questions of fact decided by the commissioner, we certainly would not do so in the absence of all the evidence that was before him.

It may be true that it is a question of law whether a paper, purporting to be notice, which has been received, constitutes due notice, but it is not a question of law whether a notice, concededly regular and sufficient, has, or has not, actually been given or received.

2. The other contention of plaintiff that its grantor complied with the federal and state laws and the regulations and rules of the land office, relative

to the entry of the John Borland and Snowdrop lodes, is based upon its construction of section 2325, Revised Statutes U. S. That section, among other things, provides that if no adverse claim shall have been filed with the register and receiver of the land office at the expiration of sixty days from the date of publication, it shall be assumed that the applicant is entitled to a patent upon the payment of the purchase price. It appears that no adverse claim or protest was filed at the time of the final entries. It does not follow, however, that the commissioner did not have jurisdiction to cancel the entries for a failure by the claimant to comply with some statute or rule of the department. This particular section of the statute must be construed in connection with others, *in pari materia,* and by so doing, as was decided by the supreme court of the United States, in *Orchard v. Alexander,* 157 U. S. 372, the commissioner or secretary of the interior might, upon due notice, of his own motion, cancel the entries for such defects as those now under consideration. In support of our conclusion, see:—*Cornelius v. Kessel,* 128 U. S. 456; *Michigan L. & L. Co. v. Rust,* 168 U. S. 589; *Parsons v. Venzke,* 164 U. S. 89; *Catholic Bishop v. Gibbon,* 158 U. S. 155; *Hawley v. Diller,* 178 U. S. 476; *Beals v. Cone,* 27 Colo. 473; S. C. 188 U. S. 184; *German Ins. Co. v. Hayden,* 21 Colo. 127, 137; *Freese v. Rusk,* 54 Kan. 274; *Pierce v. Frace,* 2 Wash. 81; S. C. 157 U. S. 372.

As plaintiff's case rests entirely upon the proposition, which we have held unsound, that the action of the commissioner in canceling its entries was unauthorized, it follows that it is without merit. The judgment of the district court, being in accordance with our views, was right, and it should be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.