## No. 14,389.

SHREWSBURY, RECEIVER FOR AMERICAN METALS CORPORA-
TION *v.* REYNOLDS-MORSE CORPORATION.
(94 P. [2d] 686)

Decided September 18, 1939.   Rehearing denied October 9, 1939.

Mr. GEORGE A. CHASE, Mr. WARREN K. YOUNG, for plaintiff in error.

Mr. CARL J. SIGFRID, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANT in error, The Reynolds-Morse Corporation, as lessor, brought this action against the American Metals Corporation (Smith receiver) as lessee, to quiet title to certain mining properties in Gunnison county. The present receiver, Shrewsbury, was substituted for Smith at the trial. Lessor's right to maintain the action was contingent upon whether the provisions of the lease had been violated subjecting it to forfeiture after the giving of due notice. The trial court, sitting without a jury, after a lengthy hearing, sustained the position of the lessor, declared the lease forfeited and quieted the title in lessor. To review that judgment the receiver prosecutes this writ of error.

No good purpose would be served by setting out the lease in full, because, in view of our conclusions, it is only necessary to consider two of its provisions.

The principal grounds relied upon for reversal, and the only alleged errors of the twenty assigned which we think it necessary to consider, are: 1. No legal notice of forfeiture was ever served on the receiver. 2. The trial court was without jurisdiction. 3. No provision in the lease had been violated.

1. As to notice of forfeiture, complaint is made that there was no compliance with the provision in the lease relating to such notice. That provision was as follows: "Provided, however, that if this lease is forfeited upon the election of the lessor by reason of failure of the lessee to perform the covenants or conditions, thereof, said lessor shall give the lessee thirty (30) days notice by registered mail (return receipt requested), addressed to the lessee at such address as may be furnished by it from time to time, notifying the lessee of such failure to perform and upon failure of the lessee within sixty (60) days thereafter to remedy such failure,

then the rights under said lease shall thereupon cease * * *." There is no complaint that the notice, as such, was insufficient in any way; the contention being that it was addressed to "George R. Smith, Ohio City, Gunnison county, Colorado," and not to "George R. Smith, Receiver." The mailed notice was never delivered to Smith and was returned by the postmaster, endorsed: "Uncalled for. Not here. They were notified." The evidence disclosed that Smith as receiver, and supposedly the manager of the property, had been in Ohio City. His mother lived there and operated a boarding house. An uncle also lived in Ohio City. The notice was mailed October 31, 1934, and was not returned until December 25, 1934. November 23, 1935, Smith left for parts unknown. It is not surprising that the trial court remarked, "I can't help but conclude that, for some reason, Mr. Smith didn't want to get the notice, or didn't get it." If George R. Smith would not receive his mail, there is no reason to suppose that the addition of the word "Receiver" following his name on the envelope containing it would have caused him to accept it. Finally, there is nothing in the record to indicate that the lessee informed the lessor of his whereabouts "from time to time" or furnished any address. Under the circumstances here, the giving of the notice ceased to be a question of law and became one of fact, which the court resolved in favor of the lessor. *Mineral Farm Min. Co. v. Barrick*, 33 Colo. 410, 80 Pac. 1055.

■■ 2. As to the jurisdiction of the trial court, lessee's contention is that since an involuntary petition in bankruptcy was filed against it in the federal court in Denver, February 24, 1934, the jurisdiction of that court became exclusive. There are two answers to that proposition: First, the trustee in bankruptcy sold all of the admitted assets of the bankrupt, and filed a disclaimer in this action. Second, there are exceptions to the general rule that bankruptcy courts have exclusive jurisdiction over all property which is claimed by the

bankrupt. *Peters v. Bowers,* 61 Colo. 534, 158 Pac. 1101; *Piedmont Coal Co. v. Hustead,* 294 Fed. 247. See, also, *Herman v. Cullerton,* 13 F. (2d) 754, in which case the court remarked, "Thus the trustee's right * * * was litigated [in the state court], and he is bound by the judgment."

3. After reading and carefully considering this record, we are satisfied, as was the trial court, that the terms of the lease were violated, and that it was subject to forfeiture for several reasons; however, we deem it necessary to consider but one — and that the important one — namely, the breach of provision 13 which reads as follows: "13. To promptly pay for all labor and supplies and to render unto the Lessor every sixty days a statement showing the month's payroll and amounts due for labor, supplies, etc., at that time, progress and nature of work done, ore discovered or developed, contemplated improvements, etc.; this, to be in the nature of a regular progress report. If any lien is filed, or any such report shows any part of the payroll or other mine indebtedness unpaid, or if any such indebtedness exists, whether shown by such report or not (excepting in cases of bona fide legal dispute or litigation concerning such claims), then the lessor may, at his election, declare a forfeiture of this lease as hereinafter provided."

Answer of the lessee in confessing judgment in the receivership proceedings recites, inter alia: "And as grounds of said answer this defendant states that said defendant is wholly insolvent, and unable to pay its debts and obligations." "That its Board of Directors has quit and given up control and operation of the business and management of the corporation."

One order anent the receiver provided: "That the said receiver, George R. Smith, shall continue to operate said mines * * * so long as he shall conform to the terms of the lease * * *, all of which he shall make due return and report to this court, from time to time as is required by law." (The lease provided that such re-

ports should be furnished the lessor every sixty days.)

No evidence of reports to the court appears in the record. No monthly payrolls are shown. An employee of Smith, an ex-convict, absconded with the books, and, as already noted, Smith himself abandoned the entire enterprise a short time after this action was instituted.

The receiver of lessee in his defense seeks to excuse Smith's conduct in handling the affairs of the company in connection with the lease by saying that his defaults were embraced within the exception of "bona fide litigation concerning such claims." The trial court thought otherwise and there is no assignment of error on the insufficiency of the evidence to sustain its conclusions.

The lease was executed January 2, 1931. The action to forfeit it was not commenced until July 15, 1935. The lessee, therefore, had nearly four and one-half years to obtain results, i.e., producing ore in paying quantities. No ore was mined during this entire period, except small quantities used in testing the efficiency of the mill.

Nothing in the record gives the slighest indication of lessee's ability to carry out the terms of the lease to the benefit of the parties concerned. Our conclusion is that the judgment of the trial court is amply supported by the evidence, and we find no good reason for disturbing its findings and decree.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.