**H. W. KELLEY, et al., v. W. O. LASSITER, BOARD OF COMMISSIONERS OF EVERGLADES DRAINAGE DIS- TRICT, a body corporate, et al.**

7 So. (2nd) 458                                         En Banc
March 20, 1942                    Rehearing Denied April 17, 1942

Casey, Walton & Spain, C. Clyde Atkins, W. Terry Gibson, T. B. Ellis, Jr., for petitioners and appellants.

M. Lewis Hall, Alfred E. Sapp, John D. McCall and Millard Parkhurst, for respondents and appellees.

TERRELL, J.:

In August, 1939, Appellee W. O. Lassiter, representing certain creditors of Everglades Drainage District, secured a final judgment restraining the district from disbursing the proceeds of acreage taxes for the payment of obligations on its bonds unless such distribution be on a pro rata basis. Thereafter the District filed its petition in bankruptcy as provided by Chapter Nine of the Bankruptcy Act wherein an order was entered fixing the amount of costs, attorneys' fees, and other expenses to be allowed the plaintiff.

In November, 1941, after petitioners were permitted to intervene an order modifying the final decree was entered. By the latter order, the District was permitted to disburse the proceeds of acreage taxes in accordance with the plan of composition proposed by the District under the Bankruptcy Act when confirmed. This appeal is from the final decree as modified. In the outset, appellants admit that they are not certain whether this is such an order as appeal by certiorari under Rule 34 will lie but they have taken a straight appeal and have appealed by certiorari and pray that the cause be dispatched.

It is contended, (1) that the moneys impounded by the final decree are trust funds held for the benefit of bondholders of the district who have a vested right to their distribution according to the terms of the final decree on a pro rata basis, (2) in so far as the plan of composition provides for distribution of the trust fund other than as provided in the final decree it is invalid, and (3) the provisions of Chapters 20658 and 20682, Acts of 1941, authorizing the district to issue refunding bonds under the plan of composition are unconstitutional.

Whether or not the final decree and the decree appealed from were in reality final or interlocutory is debatable; however, we do not consider it necessary to decide that question. The purported final decree expressly provides for distribution of the fund "upon such pro rata or equitable basis as shall be fixed and determined by further orders." The decree appealed from is recited because it provides for the disbursement of certain of the impounded funds for costs provided the bankruptcy proceedings go through.

In our view, the bankruptcy proceeding concludes this matter against the contention of appellants. The Federal Constitution empowers Congress to enact bankruptcy laws and when enacted, they become paramount law on the subject. When such laws are enacted, it necessarily follows that the jurisdiction of the federal courts in matters of bankruptcy becomes dominant. If there are funds in the hands of the bankrupt when the federal court takes jurisdiction, they also pass into the hands of that Court for distribution as equity and good conscience may dictate. Ballette v. City of Vero Beach, 104 Fed. (2nd) 59; Touchston v. City of Fort Pierce, 109 Fed. (2nd) 370

Jordan v. Palo Verde Irrigation District, 114 Fed. (2nd) 691; West Coast Life Insurance Company v. Merced Irrigation Dist. 114 Fed. (2nd) 654; Evergreen Farms Company v. Willace County Water Control and Improvemen District, not yet reported, Buholtz v. South Beardstown Drainage and Lever District, not·yet reported.

We have not overlooked the contention of appellants as to a vested right in the impounded fund but the mere fact that it was impounded by the final decree or by some other judgment does not remove it from the rule of equitable distribution under the bankruptcy proceedings. An examination of the bankruptcy petition does not disclose a provision for refunding obligations other than bonds and expenses incident to the bankruptcy proceedings and the decree resisted contains no more.

The order appealed from is made dependent on the plan of composition being approved by the Federal court. That court is a court of equity and has paramount jurisdiction. In this situation, it becomes unnecessary to adjudicate or discuss the validity of the 1941 Acts at this time.

Affirmed.

WHITFIELD, BUFORD, THOMAS and ADAMS, JJ, concur.

BROWN, C. J., and CHAPMAN, J., dissent.

CHAPMAN, J., dissenting:

It is my view that the moneys here involved are the proceeds of an acreage tax levied against the lands within the Everglades Drainage District. These funds by law are set apart to pay the bonds of the District. The modification order of the lower court authorizes a disbursement of these moneys for a purpose other

than that contemplated by the Acts under which these moneys were collected. I think the order entered by the lower court should be reversed on the authority of Bedell v. Lassiter, 143 Fla. 43, 196 So. 699.

BROWN, C. J., concurs.