On Petition for Rehearing
O’CONNELL, Justice.
The petitioner asserts, by petition for rehearing in this cause, that the order of the bankruptcy court quoted in the original ■opinion was directed only to a specific and limited point in issue between the parties to this cause before the lower court. Conceding (upon a consideration of the matters reflected by the records in prior appearances of the cause here, but brought to the attention of the Court in the instant certi-orari proceeding for the first time by petition for rehearing) that the order referred to did not constitute a relinquishment by the bankruptcy court of authority over the entire controversy, it still appears that the first question posed must be answered in the negative.
The fundamental problem is whether, under the circumstances, the bankruptcy proceeding superseded the pending litigation in the state courts so as to require that such litigation be immediately terminated and the properties or funds in receivership surrendered. The Act has certainly never been construed to permit a summary termination of any and all suits in other courts of which they had, at the time of a bankruptcy petition by one of the parties, full cognizance. Eyster v. Gaff, 91 U.S. 521, 23 L.Ed. 403. The prevailing rule is expressed as follows:
“In the determination of the rights and liabilities of the bankrupt and third persons with relation to particular assets or other matters which arise out of, and are governed by, common-law rules or statutes other than the Bankruptcy Act [11 U.S.C.A. § 1 et seq.], bankruptcy and state courts have concurrent jurisdiction, and the general rule, * * * to the effect that 'the tribunal which first obtains, jurisdiction of the matter retains it exclusively has been applied.” 8 C.J.S., Bankruptcy, § 29, p. 446.
There is no inconsistency between this principle and the acknowledged exclusive jurisdiction of the bankruptcy court over the affairs of the bankrupt as such. Herman v. Cullerton, 9 Cir., 13 F.2d 754; Shrewsbury v. Reynolds-Morse Corp., 105 Colo. 30, 94 P.2d 686. Cf. First Nat. Bank v. Zangwill, 61 Fla. 596, 54 So. 375; Kelley v. Lassister, 150 Fla. 118, 7 So.2d 458.
A review of the cases involving application of% the above cited rule will plainly sustain the action of the court below in the entry of its order on mandate. Bryan v. Speakman, 5 Cir., 53 F.2d 463, certiorari denied 285 U.S. 539, 52 S.Ct. 312, 76 L.Ed. 932; In re Couch Cotton Mills Co., D.C.Ga., 275 F. 496; Park v. Stryker, 8 Cir., 6 F.2d 457; In re Brinn, D.C.Ga., 262 F. 527; Redmon v. Witt, 6 Cir., 9 F.2d 36; Dayton Coal & Iron Co., D.C.E.D.C.Tenn. 1922, 291 F. 390, 1 A.B.R.,N.S., 434. Remington on Bankruptcy, 3rd. ed., Vol. V., Sec. 2042, et seq.; Collier, 14th ed., Vol. I, Secs. 2.63, 11.02.
There is another reason why we will not quash the order on mandate issued by the Circuit Court.
Even if the bankruptcy court could have done so, which we doubt, it did not by its injunction, enjoin either the Circuit Court or this Court from proceeding to decide the case then before it.
When our opinion was filed and our mandate went down the Circuit Court had no right to ignore it. On the contrary that court had a duty, under the mandatory direction contained therein, to comply therewith. State v. Sarasota County, 118 Fla. 629, 159 So. 797, 799. Had the Circuit Court not complied with the mandate, we could have, under our continuing jurisdiction of this cause, required the Circuit Court to enter the decree as we directed in our *54 opinion and mandate in this cause, reported in 79 So.2d 659. State v. Citrus County, 117 Fla. 792, 158 So. 705, 707.
We will not quash an order of a lower court entered in compliance with a mandate issued by this Court. Nor do we believe that comity requires us to do so.
For the additional reasons expressed herein we adhere to our opinion reported in 83 So.2d 863, and deny the petition for rehearing'.
DREW, C. J., and THOMAS and THORNAL, JJ., concur.